Parker, C. J.,
delivered the opinion of the Court. Admitting that tnere was no express promise proved, except the conditional one suggested in the report, viz. to pay the money, if the plaintiff should have acquired a good title to the premises under the judgment in her suit for dower; we are to consider whether the opinion of the Court of Common Pleas, which declared the proceedings under the writ of seisin to be void and wholly inoperative, was correct.
By the common law, all proceedings in a suit at law are slopped by the death of one of the parties. If either of them die before judgment, no judgment can be entered; if after judgment, no execution can issue; But to avoid the inconvenience of this principle, the doctrine of relation has been resorted to; so that if judgment be not actually entered in court, or signed in the vacation, as is the practice in England, and either party die, the judgment shall be considered as entered the first day of the term; and an execution may issue bearing teste of that day, so as to save the fruits of a judgment to the party entitled to it. But this practice proves the general principle, as first stated; and that it was necessary to resort to fiction, in order to avoid the effect of that principle.
We have no knowledge that such a practice has been adopted in the courts of this commonwealth ; although there seems to be no reason against it, so far as the relation of the judgment to the first day of the term will go. But all our judgments are made up at the rising of the Court, unless otherwise specially entered; so that the practice of signing judgments in vacation has never been adopted. There may be some doubt, too, whether our executions can bear a fictitious teste, it having been always the practice to make them bear date of the day on which * they are actually [ * 193 ] issued. We know of no authority, in England or this country, for issuing an execution, where a party to the judgment is *164 dead, and when that fact shall be made to appear, by comparing the time of the death with the teste of the writ of execution. In the case before us, the facts all appear ; and the writ of execution must be considered void (1) ,(2).
But it was said in the argument, that the plaintiff, having recovered her judgment for dower, might have entered without writ, after the death of the tenant; and the proceedings of the sheriff are available in proof of her entry and seisin. One who has recovered judgment for possession of a certain parcel of land may, as it is said in the books, enter peaceably without the aid of the sheriff; and if an action is brought against him for the entry, he may defend himself under the judgment (3). But it is not so, where the judgment is for an uncertain portion of, or interest in land ; for in such case it cannot be ascertained, into what part of the land the demand-ant has a right of entry (4). In dower ad ostium ecclesiee, or ex assensu patris, the widow may enter immediately on the death of her husband; for there is no uncertainty, the land of which she is endowed being made certain by the contract. But in this country the land, of which the widow is to be endowed, can only be ascertained by assignment; and she has no right of entry until assignment made. So that if the heir should bring his writ of entry against the widow, she being in possession, she could make no defence under her claim of dower, until it had been lawfully assigned.
The mere entry of the plaintiff, therefore, gave her no right of possession under the judgment; so that upon the condition supposed she has no right of action. Nor would an implied promise arise from the occupation of the tenant, on account of her mere entry *165 into the land, she having established no right thereto; and the defendant being liable in trespass, or some other action, to the heir, for an occupation without his consent

Judgment on the verdict.

 Vide 7 D. & E. 20, Bragner vs. Langmead.

 [By the law of England, if a party die within a year and day after judgment obtained against him, a fieri facias tested before the death (1 B. & P. 571. —6 T. R. 368) may be sued out against his goods in the hands of his executor or administrator (2 L. Ray. 849); or even if he died before judgment, but after the day in bank, judgment may be signed as of the term in which he died*, or if he died in vacation, then of the preceding term, and a fieri facias tested even the -first day of such term may be sued out and executed upon his goods in the hands of his executor. (4 T. R. 20. -4 Taunt. 702. —1 T. R. 637. —1 Dowl. Prac. 516, 511. —4 Moore & S. 461. —2 Dowl. P. 472, 810. —1 Bingh. N. C. 366. —5 Bingh. 1. —6 T. R. 368.) If there be two or more defendants, and one of them die after final judgment, and before execution executed, the writ should in form be against all, but it can be executed on the goods of the survivors only (2 Saund. 50—72, k, o), or upon suggesting the death upon the roll, the writ may be against the survivors alone. (2 Ld. R. 208.) The judgment, however, survives only as to the personalty, but not as to the realty. After a scire facias against the survivor and the heir and terre-tenants of the deceased, the plaintiff ma)r sue out an clegit against them (for he cannot proceed in the realty against the survivor ajonc), and thereupon extend the lands of the deceased as well as those of the suvivor. (2 Saund. 50 — 124.) But if all the defendants die, and one leave lands, and the other not, the plaintiff may sue out an elegit against the heir and terre-tenants of him alone who left the lands.—Ed.]

 Ld. Raym. 808, Withers vs. Harris.

 Co. Lit. 37, 6.