## JORDAN *VS*. BELL.

1. A plea in abatement at the second term, which is rejected as coming in too late,—is no appearance to the writ.

2. A defect in a writ must be taken advantage of, by plea in abatement.

3. The time of holding court, is ascertained by law : and writs must be taken to be returnable to the next ensuing court, if issued more than five days previous to the term.

4. If judgment be rendered at a term to which the writ could not, legally, be returned, such judgment may be corrected on error—if the defect is not waived.

5. But on returning a writ to the wrong term, or where the day is mistaken,—the objection must be taken by plea in abatement.

6. The liability of the drawer or endorser of an inland bill, is fixed on presentment for acceptance or payment, and notice—But damages alone accrue on the *protest*.

7. And an averment in the declaration, of protest, is necessary to authorise damages to be given.

8. But the computation of damages by the clerk, without the averment of protest, is a mere clerical error, which may be corrected in the court below ; or in this court, at the costs of the plaintiff in error.

Error to the County court of Mobile.

This was an action of assumpsit, on an inland bill of exchange.

The judgment was taken by default; and the errors in the judgment, here insisted on, among. others not considered by the court, were—

1. That judgment was taken by default for principal, interest and damages, when it was not shewn by averment in the declaration, that the bill had been protested.

2. That the judgment was taken by default for a sum in damages, in gross, without the intervention of a jury, including damages, interest, and cost of protest.

3. That the writ was issued and tested on the seventh day of June, eighteen hundred and thirty-six, and was made returnable on the second Monday of June next— and judgment was entered at June term, eighteen hundred and thirty-six.

4. That the writ was made returnable to the June term, eighteen hundred and thirty-seven, of the County court; and for that cause void in law.

*Thornton,* for the plaintiff in error.

GOLDTHWAITE, J.—The only assignments to which our attention has been called, are those which point out the supposed error in the return day of the writ, and the error in the amount of the judgment.

It may be questioned if the day is not well enough stated in the writ, as it is somewhat a forced presumption to conclude the relative *next* does not refer to the "second Monday," as well as to "June;" but if this is ad-

mitted to be an error, in comes within the decision made in Nabors vs. Nabors, (2 Porter's R. 162.) There the writ was made returnable in *March*, when it should have been in *April;* and the defendant attempted to plead in abatement at the *second* term after its return. The plea was rejected as coming too late, and the defendant refusing to plead to the action, judgment was rendered against him. On a writ of error to this court, it was held, that the attempt to plead the matter in abatement, was not an appearance, and was no waiver of the defect. But the court also decided, that such a defect in the writ is not the subject of error—that it must be taken advantage of by plea in abatement, and can be in no other way.

The law having prescribed the time when the several courts in the State shall be held, it is a matter as much within the knowledge of the defendant as of the plaintiff, and he is also informed from the same source, that writs can only be made returnable to the next ensuing court, if issued more than five days previous to the time of its session.

If a judgment is rendered at a term to which the writ cannot be legally returned, such judgment can be corrected on error, if the defect or irregularity has not been waived: but in all cases where the writ is returnable to a wrong term, or where the day is mistaken, they come within the principle, and must be governed by the decision of Nabors vs. Nabors.

The liability of the drawer or endorser of an inland bill of exchange, becomes fixed on presentment for acceptance or payment, and on the notice given of the fail-

Jordan *vs.* Bell.

ure—but damages do not follow as a consequence of such demand and notice. They are given alone by statute, on the protest of the bill—(Dig. 329, s. 7.)

There is no averment in the declaration, that the bill was protested; consequently, no damages could be given; or rather the clerk, in computing the amount for which to enter the judgment, was authorised to allow only the face of the bill, and interest on the same. But this is a mere clerical mistake, and could have been corrected, on the application of either party to the court below.

By statute, (Dig. 266, s. 48, 49,) this court is directed not to reverse any judgment for such an error, unless application has been made to the court below, and refused —but to order the judgment to be remanded and corrected, at the costs of the plaintiff in errrr.

We direct that the judgment of the County court be corrected, and here rendered for the proper amount, at the costs of the plaintiff in this court.