## Nabors v. Thomason.

1. A writ to which the sheriff is a party, should be directed to the coroner, and since the passage of the act of 1839, a writ to which the sheriff is a party, directed to any sheriff of the State, although executed by the coroner, is irregular and may be abated on the plea of the defendant.

2. A refusal by the court to quash such a writ is not error.

Error to the Circuit Court of Pickens County.

Peck and Clark, for plaintiff in error.
Wm. Cochran, contra.

ORMOND J.—The writ in this case which was sued out by the defendant against the plaintiff in error, describes the defendant as *sheriff of the county of Pickens*, and is directed " to any sheriff of the State of Alabama." This writ was executed by one Eli O'Neal, who describes himself as coroner.

The defendant below, moved to quash the writ because it was directed to the sheriff, which motion the court refused, and on *nil dicit* rendered judgment for the plaintiff below.

There can be no doubt the writ in this case was irregularly issued, the sheriff being a party to the suit, it should have been directed to the coroner. The act of 1836, directing all original mesne and final process to be directed to *any sheriff* of the State, will not authorize such a direction as the present. The object of that act was to enable any sheriff in whose county the defendant might be found, to execute the process—provided the sheriff of the county, could have executed it in the county to which it was returnable. There was an omission in the act as to writs to be executed by the coroner, which was afterwards provided for by the act of 1839, entitled " an act to regulate judicial proceedings," by requiring all process issued to the coroner to be directed to any " coroner of the State."

Nabors v. Thomason.

This writ was in fact executed by the coroner, but that will not cure the defect, if the irregularity is sought to be redressed in the proper mode; but it is our opinion, that the objection could not be made by motion to quash the writ, for that cause, or at least that a refusal to quash, cannot be raised on error, as a mode is pointed out by an act of the Legislature, by which the defendant may avail himself of the objection.

The act is to be found in Aikin's Digest, 162, and provides that writs issuing in any other mode than that pointed out by the statute, " may be abated on the plea of the defendant." In the case of Nabors v. Nabors, 2 Porter 162; this court held that *may*, as used in the statute, means *must*. The court say, " the statute has not declared such a writ void; it contemplates the possibility of errors in the acts of the clerk, and provides a remedy by which the defendant shall be permitted to avail himself of the defect, and get the benefit of the delay." The case of Jordan v. Bell, 8 Porter 53, is similar in principle, and decided on the authority of that case.

We consider this case in principle like those, and settled by the decisions there made. The defect is a mere irregularity, not reaching the merits of the question, and there can be no doubt that the ends of justice will be accomplished by requiring a strict compliance with the statute.

Let the judgment be affirmed.