## FRYER, ADM'R v. DENNIS.

1. A party may take out a second execution before the return of the first, at his own cost.
2. An *alias* execution cannot issue after the death of the defendant in execution, without a revival of the judgment, unless such *alias* is issued to continue a lien acquired by a former execution, issued in the life-time of the defendant.

Error to the Circuit Court of Pike county.

JOSEPH H. DENNIS, the defendant in error, brought suit against William Y. Fryer, in the Circuit Court of Pike county, and at the fall term, 1838, obtained judgment for fourteen hundred and forty dollars sixty cents, upon which a writ of *fieri facias* issued on the 8th September, 1838, returnable to the first Monday in March next, after.

On the 1st day of March, an alias execution was issued on the same judgment, returnable to the first Monday in March, instant. The record does not disclose that any return was made to either of the executions.

At the Spring term, 1840, Alexander Fryer, adm'r of Wm. Fryer, the defendant in this suit, appeared and made known to the Court, that the defendant, William Fryer, departed this life on the 19th February, 1839, and that he had been duly appointed administrator, and moved the Court to quash the execution last issued because the first execution was outstanding, and also because the same was not issued by the clerk of the Court, as it purports to be, but by one who was acting as deputy, and recognised as such by the Clerk, but who had never been sworn as such deputy; which motion, the Court overruled, and rendered judgment against said adm'r for the costs of the motion.

From this judgment, the said Alexander Fryer, adm'r, prosecutes this writ of error, and now assigns for error, the refusal of the Court to quash the execution last issued.

BUFORD, for the plaintiff in error.

ORMOND, J.—The only error complained of, is the issuance of the second execution, after the death of the defendant, and before the return of the first execution. Both the executions were issued before the first return day after the judgment, the last being after the death of the defendant. It is no objection to the second writ of *fieri facias*, that one had previously issued, as it is expressly authorised by our statute : " where any execution shall issue, and the party at whose suit the same is issued, shall afterwards desire to take out another writ of execution at his own proper cost and charges, the clerk may issue the same, if the first writ be not returned and executed." Aik. Dig. 159, sec. 2.

The question, whether such execution could issue after the death of the defendant, is one of more difficulty. It has been decided by this Court, after a most elaborate examination of the question in the case of Horn and Collingsworth, 4 Stew. and Porter, 237, that when an execution had issued against a defendant in his life time, that subsequent executions might be issued after his death, to preserve the lien acquired by the first. But in this case, no such necessity could exist, as the second execution was issued before the return day of the first. It was then, an orignal execution, which there was no authority to issue, after the death of the defendant, without a renewal of the judgment. The Court therefore erred in overruling the motion of the plaintiff in error, and its judgment is therefore reversed, and the cause remanded.