WILLIAM SIGOURNEY & another, Administrators *vs.* SUSANNA STOCKWELL & another.

A judgment was recovered by default, in a writ of entry against a mortgagor, by the administrators of a party, who, at the time of his decease, held the mortgage by a transfer thereof to him, but without any written assignment: The mortgagor, after the action was commenced, but before it was entered in court, conveyed all his interest in the mortgaged premises to M., and died before execution issued on the judgment i His widow was appointed administratrix of his estate, and her dower therein was assigned to her out of said mortgaged premises : A writ of *scire facias* was brought against the widow and M., to obtain an execution against them, on the said judgment against the mortgagor. *Held,* that the writ could not be maintained.

THE defendants were called upon, by a writ of *scire facias*, to show cause why a writ of execution for possession and for costs should not issue against them on a judgment recovered by the plaintiffs, as administrators of the estate of Andrew Sigourney, against Nathaniel Stockwell, in a real action, at the March term, 1840, of the court of common pleas in this county. The case was submitted to the court on the statement of facts which follows :

" The plaintiffs, as administrators of the estate of Andrew Sigourney, sued out a writ against Nathaniel Stockwell, on the 15th of February 1840, which was duly served on the same day, and was returned and entered in the court of common pleas at the March term 1840, and the said Nathaniel was defaulted, at the same term, in said suit. Said term ended on the 12th day of March 1840. The plaintiffs declared, in said writ, that said Andrew, in his lifetime, was seized of the demanded premises ' in fee and in mortgage,' and that said Nathaniel, ' since that time,' had entered into the premises and still held the possession thereof against the plaintiffs. Judgment was rendered, as upon a disseizin, and not the conditional judgment as in case of a mortgage. Two writs of possession have issued on said judg-

ment against said Nathaniel ; one dated May 8th, and the other December 10th, 1840. On the last of these writs, possession was delivered to the plaintiffs by an officer, January 20th 1841.

" The defendants claim to hold said estate, as follows : Said Susanna Stockwell claims to hold one third part thereof as dower, which was set out to her as the widow of said Nathaniel ; and Sylvester M'Intire, (the other defendant,) claims to hold the residue of the interest and title to said estate, under and by virtue of a deed of quitclaim given to him by said Nathaniel. And if the evidence is admissible, the defendants can prove that said Nathaniel continued in possession of said premises until his decease on the 22d of April 1840, and, on the 29th of February 1840, conveyed the same to said M'Intire, by deed of quitclaim recorded March 4th 1840. On the 22d of August 1840, dower in said premises was set out to said Susanna, who is the widow of said Nathaniel, and is also administratrix of his estate, by three men mutually chosen for that purpose by her and said M'Intire. The defendants can further prove that the only mortgage (if any) upon said premises was given by said Nathaniel Stockwell to one Samuel Campbell, dated May 2d 1805, to secure payment of a note for $766·16, by annual instalments, in about seven years. The plaintiffs can prove that said note and mortgage had been in possession of said Andrew Sigourney, their intestate, for several years before his decease, and that the interest had been paid thereon, up to near the time of his decease ; but that they had never been assigned to said Andrew by writing. This was the only title of said Andrew to said estate.

" If, upon the foregoing facts, or such part thereof as are admissible as evidence in the case, the court shall determine that the plaintiffs are entitled to have their writ of possession against the defendants, then the defendants shall be defaulted ; otherwise, the plaintiffs shall become nonsuit."

The argument was had at the last October term.

*Bacon,* for the plaintiffs. By the common law, if not by the revised statutes, *scire facias* lies on a judgment in a real as well as in a personal action. Bac. Ab. Scire Facias, C. 5. *Lessee*

*of Walden* v. *Craig's Heirs*, 14 Pet. 147. *Proprietors of Kennebec Purchase* v. *Davis*, 1 Greenl. 309. And the original tenant, and those claiming under him, cannot plead or prove any thing which might have been pleaded or proved in the original action ; whether the judgment was upon plea or default. Bac. Ab. Scire Facias, E. *Wilcox* v. *Mills*, 4 Mass. 218. *Thatcher* v. *Gammon*, 12 Mass. 269. *McFarland* v. *Irwin*, 8 Johns. 77. *Bradford* v. *Bradford*, 5 Connect. 127. This writ is rightly brought against the ter-tenants only. The heirs of Stockwell have no interest in the case. 2 Saund. 7, *note* (4). Or if they should regularly have been made parties, the objection should have been taken by a plea in abatement. 14 Pet. *ubi sup.* *Whitney* v. *Camp*, 3 Johns. 86.

If *scire facias* will not lie, the right of the original demandant is lost. If his administrators, (the plaintiffs,) should bring another action, the former judgment would be a bar.

As M'Intire purchased of the intestate, after the original action was commenced, he is privy in estate, and is bound by the judgment. 1 Story on Eq. §§ 404 – 408. Fonbl. (Laussat's ed.) 418, *note.* See also *Adams* v. *Barnes*, 17 Mass. 365. *Hunt* v. *Hunt*, 17 Pick. 118.

*Newton*, for the defendants. This writ is against the administratrix of the deceased tenant in the original action — she being also tenant in dower of part of the demanded premises — and also against M'Intire, a ter-tenant, who purchased the premises of the intestate, after the original action was commenced. But how is M'Intire liable for the costs of that action ? This is an attempt to unite a real and personal action in one process, against two persons, whose liabilities, if any, are unlike.

*Scire facias* on a judgment in a real action, after the death of the tenant, must be brought against his heirs. *Lessee of Walden* v. *Craig's Heirs*, 14 Pet. 153. Com. Dig. Execution, A. 2. And the defendants have not waived this objection by the statement of facts to which they have agreed.

The widow holds her dower discharged from all judgments, &c. against the husband ; Cruise's Digest, Tit. 6, *c.* 3, § 40 ; and yet, if execution can issue against her, it must affect her right as tenant in dower.

There is no necessity for this writ of *scire facias*, as the plaintiffs have entered *in pais*, and may try their title by action. The writ is not *stricti juris*, but discretionary only. 1 Roscoe on Real Actions, 348.

*Washburn* replied.

SHAW, C. J. The ground upon which the court decide that this writ of *scire facias* cannot be maintained is, that it is unne cessary for the purpose of doing justice to the parties. We are strongly inclined to the opinion, that if a writ of *scire facias* will lie at all, to carry into effect the judgment in question, it would not lie against these defendants. It does not appear that the widow had any interest which would be affected by the judgment. Her right of dower arose from the fact that her husband was seized of the estate during the coverture. If the plaintiffs hold by force of the judgment, it will not defeat or impair that right. There is no ground, therefore, to maintain it against her. And we should be strongly inclined to think that it could not be maintained against M'Intire without summoning the heirs of the party against whom the judgment was rendered. But on these points we have not thought it necessary to examine the authorities, in order to decide the case on principles of technical law.

It is a *scire facias* brought to carry into effect a judgment by process of execution. Various facts are agreed by the parties to be true, if they are competent evidence upon the question, whether this was a valid judgment. But we think we are precluded from considering them, by the settled rule, that on a *scire facias* it is not competent to plead, or give in evidence, facts, which might have been used by way of defence, in the first suit. A writ of *scire facias* is a judicial writ, grounded in whole or in part upon matter of record, grantable by the court, ordinarily as a matter of course, when a judgment has been rendered, but where, from the death of parties or otherwise, execution has not been sued out, and where such execution is necessary, to enable the party, who has a judgment, to obtain the benefit of it.

In the present case, the judgment was in the usual form of judgment in a real action, in which the demandants counted on the seizin of their intestate, and a disseizin by the tenant. For

44*

though they declared that their intestate was seized in fee and in mortgage, yet they took judgment generally upon his seizin, and not the conditional judgment given to a mortgagee by statute. On such a judgment, no writ of seizin, and no execution of the writ of seizin by the sheriff, is necessary to give effect to the judgment. If it is a valid judgment, as between the parties, it binds the title as effectually without a writ of seizin, as by its execution. *McNeil* v. *Bright*, 4 Mass. 300. In this respect such a judgment is distinguishable from that where some further act is necessary to be done to give it complete effect. Thus in judgment of dower, the judgment decides nothing more, than that the plaintiff is entitled to be endowed of certain estate described. Until an assignment under the writ of execution, issued on such judgment, she does not become seized of any specific estate. *Hildreth* v. *Thompson*, 16 Mass. 191.

In the present case, it appears that the plaintiffs did sue out two writs of *habere facias* successively, on this judgment, under the last of which the officer returned that he had put the plaintiffs into possession. It is very obvious that, as legal process, these writs of *habere facias* were a mere nullity, because they were issued after the death of Stockwell, the defendant. At the same time, the entry of the plaintiffs, accompanied by the sheriff, was a good entry *in pais*, to give effect to the judgment, and enable the plaintiffs to count on their own seizin in any new action, if in other respects the judgment was valid and binding against all parties, against whom it might be set up, as proof of title. Without, therefore, intending to express any opinion as to the effect of that judgment, against the defendant, M'Intire, or against the heirs of Stockwell, or any other party, we think that this *scire facias* ought not to be sustained. If well brought and against the proper parties, of which we have great doubt, it would be an inconvenient remedy, and not well adapted to meet and decide the merits of the controversy between the parties interested, and is therefore not to be sustained, except in a case where there is no other and better remedy. But in this case no such reason exists; because if the judgment was a valid and

binding one, this process is unnecessary. If it was not, the plaintiffs are not entitled to it.

*Plaintiffs nonsuit.*