## HOLLOWAY, ET AL. v. JOHNSON.

1. Where a sole judgment debtor dies before the issuance of any execution, and afterwards a *Fi. Fa.* is issued, it is wholly void, and a sheriff in whose hands it is placed is not liable to a rule for not returning it.

Writ of error to the Circuit Court of Dallas County.

MOTION under the statute, by Johnson v. Holloway, as sheriff of Dallas, for failing to return an execution, *(*a *fi fa.)* issued at the suit of Johnson against John Holmes, on the 25th November, 1841, for $344 17. Judgment was rendered against Holloway, and also against several others as his sureties of office.

After the plaintiff had proved that the execution had been issued, and placed in the defendant's hands, as sheriff, and that it had not been returned, the defendant offered to show as an excuse for his default, that the defendant in execution died after the rendition of the judgment, and before this execution was issued, and also, that no execution had previously issued thereon. This evidence the Court refused to admit, and rejected. Whereupon the defendant excepted, and now assigns the same

as error. Another question is also raised on the record, relating to a supposed discontinuance, but the opinion of the Court proceeds on the first point only.

EDWARDS, for the plaintiff in error.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—The facts offered to be proved by the sheriff, in this case, in our judgment, are a complete answer to the plaintiff's motion. The execution issued after the death of Holmes, was entirely void, and of no more effect than waste paper. There could, by no possible contingency, be any thing, real or personal, upon which the sheriff, by virtue of it, could levy. If the deceased judgment debtor, at the time of his death, owned any real estate, that passed at once to his heirs at law, or devisees; and in like manner his personal estate, if there was any, passed to the person afterwards to be appointed his administrator, or vested in his executor, if he left a will, which afterwards was admitted to probate. In England, cases of this description very rarely occur, because, by the common law, goods were bound from the *teste* of writ, so far as the party and his personal representatives were concerned, and care is generally taken to make the *teste* as of a day previous to the death. [Bragner v. Longwood, 7 Term. 20.] But even then, where a writ is *tested* after the death of the judgment debtor, the execution is irregular, and will be set aside. [Heapy v. Parris, 6 Term. 368.] With us, the statute cuts loose from all the common law doctrine of relation, and directs that writs shall be *tested* the day they are issued, (Clay's Digest, 336, § 128,) except in certain cases, where it is necessary to preserve a lien, (Clay's Digest, 205, § 20; Collingsworth v. Horn, 4 S. & P. 237; Caperton v. Martin, 5 Ala. Rep. 217;) and goods, &c. are bound only from the time that the writ is delivered to the sheriff's hands. [Clay's Dig. 208, § 41.]

In Collingsworth v. Horn, 4 S. & P. 237, it was assumed by this Court, that an execution issued after the death of the defendant would be irregular, unless a lien had attached in consequence of one previously issued. In Fryer v. Dennis, 3 Ala. Rep. 254, an alias execution, where no lien had attached upon the previous one, was quashed as irregular. In Mansony v.

United States Bank, 4 Ala. Rep. 735, it was put as a *query*, whether a *fi. fa.* issued after the death of a joint judgment, debtor, was not void as to his lands, and in Hildreth v. Thompson, 16 Mass. 191, and Stymels v. Brooks, 10 Wend. 206, the law was so held after a full consideration. All these cases recognize the general doctrine, that no execution can issue, where a sole defendant dies after judgment, until the personal representatives, or heirs, or terre-tenants, are brought before the Court by *sci. fa.* These cases are entirely satisfactory to confirm us in the conclusion to which we have arrived.

· It will be borne in mind, that the case as presented, is one in which the sheriff could take no action, in any manner whatever, either as to person or property, and that the return of the execution, (if it can be called so,) could affect no one's rights. Under these circumstances, we repeat, that it was no more than waste paper, and the sheriff does not appear as having committed any breach of duty in relation to it, as thus considered.

Judgment reversed and cause remanded.