Edwards v. Wickliffe.

## EDWARDS v. WICKLIFFE.

1. When there is no levy of an attachment, but a garnishee is summoned, who vouches one to whom the debtor has assigned the demand before service, and such proceedings are had, that all connected with the garnishment are discharged, a judgment rendered by default against the debtor is irregular, and will be reversed on error.

Writ of error to the County Court of St. Clair.

WICKLIFFE sued out an attachment against the effects of Edwards, returnable to the County Court of St. Clair. The sheriff returned, that the defendant had neither goods or chattels, lands or tenements, to be found in his county, to make a levy, but summoned Edward Edwards, as a garnishee. At the return term of the attachment, the garnishee appeared and answered to this effect: That he had, at the service, &c. in his hands, belonging to the estate of Thomas Edwards, deceased, the sum of one hundred and twenty-three dollars, after paying all reasonable expenses, and that the said Thomas Edwards, the defendant in this case, is the legal heir of the said Thomas Edwards, deceased, and that the said sum is the distributive

share of each heir ; and which sum he, the said garnishee, was ready at any time to pay out to the proper person, when legally authorized so to do by law.

At the next ensuing term of the Court, a judgment by default was rendered in the suit against the defendant, but the damages being uncertain, an inquiry was directed to be had at the next term. At the same term, on the motion of the garnishee, it was ordered, that he be allowed to make a further answer to the garnishment. At the June term, 1844, the plaintiff had his damages assessed by a jury, and a final judgment was then rendered. At this term the garnishee answered further, that the sum of money acknowledged to be held for Thomas Edwards, had been transferred to John F. Edwards, previous to the service. A notice was then issued, under the statute, to said John F. Edwards, to contest his right to the money with the plaintiff, and such proceedings were had upon an issue, that a jury determined the right to be in said John F. Edwards.

It is now assigned for error, that there was no service of the attachment, sufficient to bring the defendant before the Court. Also, that judgment should not have been rendered against the defendant in attachment, as the answer of the garnishee disclosed no indebtedness.

B. POPE, for the plaintiff in error.

S. F. RICE, contra.

GOLDTHWAITE, J.—Under our attachment law, the summons of a person indebted to the defendant, is equivalent to a levy upon his effects, and produces the same consequences. [Duncan v. Ware, 5 S. & P. 119; Thompson v. Allen, 4 Ib. 184.] If the person summoned as a debtor should prove not to be so, the attachment has failed of its object, and the defendant is not regularly before the Court, because there is nothing, which, by any reasonable intendment can be construed so as to affect him with notice of the pendency of the suit. The consequence of this rule is, that when there is no levy upon effects, and the garnishee, as well as the person who is vouched to appear, as claiming an interest in the debt attached, are both discharged, then nothing remains to support the attachment, and

any judgment rendered against the debtor upon the supposed indebtedness of the garnishee falls, as a matter of course.

Such is the condition of this case, and without investigating the question, whether the judgment could be sustained if the first answer stood alone, we are satisfied that the subsequent discharge of all the parties connected with the garnishee process, left the judgment without any foundation.

Judgment reversed.