## PERKINS & HOPKINS v. REED.

1. A sheriff cannot delegate to another the power to appoint a deputy for him.
2. The sheriff cannot ratify the illegal act of one assuming to act as his deputy, and making a levy in his name without authority.

Writ of Error to the Circuit Court of Barbour. Before the Hon. J. D. Phelan.

TRIAL of the right of property. The plaintiffs in error claimed title to a negro slave, levied on by the defendant in error, by execution against Anthony Stow.

From a bill of exceptions it appears, that the claimants derived title under a mortgage executed by Stow. The defendant relied on the levy of an attachment on the slave, previous to the date of the mortgage. The levy was indorsed by E. G. Hodges, sheriff, by Thos. Robinson, deputy sheriff. It was proved, that Hodges, prior to the levy of the attachment had authorized the attornies of the plaintiffs to appoint Robinson, or another person, special deputies to execute process, in any case of emergency, and upon being indemnified against loss, he would ratify the acts of the deputy so appointed. That this was a case of that character, but as no indemnity was given, the act of the deputy was not rati-

fied by the sheriff, at any time while he was sheriff, but after his term expired, being indemnified, he ratified the levy, and adopted it as his own. It was proved, that when the claimants took their mortgage, they were informed of the levy of the attachment by the sheriff, and that he would not ratify it unless indemnified.

The court charged the jury, that the ratification of Hodges related back to the time of the levy, and they must find for the plaintiff. To which the plaintiff excepted, and which he now assigns as error.

J. G. SHORTER, for plaintiff in error.

BUFORD, contra, cited 6 Bac. Ab, 157; Impey Off. of Shff. 43; Sewall on Shff. 46, 82, 251; McGee v. Eustis, 3 Stew. 307; Garner v. Clay, 1 Id. 182; Woodward v. Harbin, 4 Ala. 534.

COLLIER, C. J.—The sheriff, who himself holds an office under delegation from the people, cannot confer upon a third person the authority to depute one or more persons to act for him in the execution of process whenever in their judgment the emergency demands it. If he requires assistants to enable him to discharge his office, or chooses to employ them, he must himself select them, and cannot devolve upon others the performance of this duty. Welch v. Jamison, 1 How. Rep. 160; Sewell's Law of Sheriff, 103. That a sheriff may appoint a general, or special deputy, seems to be settled, yet the mode of proceeding to execute their duties, and the liability of the principal for their acts, or omissions, is not always the same. Allen v. Smith, 7 Hals. Rep. 159; Cox's Rep. 283; Hughs v. James, 3 J. J. Marsh. Rep. 699; Hazard v. Israel, 1 Binn. Rep. 240; Bosley v. Farquar, 2 Blackf. Rep. 61; Slaughter v. Barnes, 3 A. K. Marsh. Rep. 412; Deleisseline v. Bunch, Harp. R. 226.

It has been so long and often held, as to become an established rule, that the sheriff is liable *civiliter*, for the acts of his deputies, which are done in the performance of their official duties. White v. Johnson, 1 Wash. Rep. 159; Com-

68

monwealth v. Lewis, 4 Leigh Rep. 664 ; State v. Johnson, 1 Hayw. R. 471 ; Gayle v. Wier, 3 Port. R. 193 ; Wilbur v. Strickland, 1 Rawle Rep. 458 ; Burns v. Taylor, 3 Port. R. 187 ; McBroom et al. v. The Governor, 4 Port. R. 90.

A return by a deputy sheriff should be in the name of his principal. State v. Johnson, *supra;* Land v. Patterson, Minor's Rep. 14 ; Greenlee v. Briggs and McClure, Id. 143. If the officer be a known officer of the district where he is acting, it is said he need not show his warrant ; but if he is appointed for a special purpose, he ought to show it, if demanded. State v. Curtis, 1 Hayw. Rep. 471. So it has been held, that the return of a sheriff being upon oath, concludes a party in many cases, but the return of a person styling himself deputy sheriff, has no greater verity than that of any private individual. Holding v. Holding, 2 Car. L. Rep. 440.

It may be conceded as a general rule, that it is competent for a party who has been gratuitously represented by another, to adopt the act of the latter, and take the benefit of it, with its consequent obligations, in the same manner as if a previous authority had been conferred. But does this rule extend to the official acts of a sheriff? We think not. Whether done by himself or another, his acts seemingly official, must be valid or invalid at the time they are done, and cannot depend for their legal effect upon something *post factum.* If a person without authority of the sheriff, assumes to execute process in his name, and seizes the property of another, he cannot justify the trespass by showing the writ, or the subsequent ratification. The assumption of authority without a legal warrant, fixed his liability to the party aggrieved, and the sheriff cannot, by adopting the act, relieve him from the consequences. Such a power to repudiate or recognize at pleasure, would be subject to great abuse, might superinduce ruinous consequences; and is therefore opposed to public policy—requiring for its support the enlargement of official discretion.

*Again:* The attachment was addressed to any sheriff of the State of Alabama, and was a mandate to that officer, or some one acting under his authority. How then could an individual who had no legal deputation execute it. It is perfectly clear that he could not, and the arrogation of power

could not be legalized, as we have seen, by any thing occur-
ring subsequently. Nabors v. Thomasson, 1 Ala. 590.

But if it had been competent for the sheriff to ratify the
levy of the attachment, it appears that he refused to do so, at
the term to which it was returnable, and persisted in his re-
fusal long after the judgment in the cause was rendered. In
fact that he did not assent until after he ceased to be sheriff,
(more than eighteen months after the levy,) to adopt it as
his own. If this was a matter entrusted to the volition of
the sheriff, he could not, after having declared his will, re-
voke it, and make a different decision to the prejudice of the
rights of others.

As for the notice of the attachment to the mortgagees, it
cannot in any manner affect their rights as against the plain-
tiff. The latter, as we have seen, can take nothing under
the levy, and to this it may be added, that the mortgagees
were informed that the sheriff refused to recognize it.

This view is adverse to the ruling of the circuit court—
its judgment is consequently reversed, and the cause re-
manded.