## STEWART v. NUCKOLS.

1. An execution issued on a judgment, after the death of the plaintiff, is void, and a sale of land made under it, conveys no title to the purchaser.

Error to the Circuit Court of Macon. Before the Hon. Geo. W. Stone.

TRESPASS to try title to land, by the plaintiff, against the defendant in error.

From a bill of exceptions found in the record, it appears, that the plaintiff was the purchaser of the land sued for, at a sale under execution, which issued in favor of James H. Shorter, against Rene Fitzpatrick, and others, and proved the sale to him, and the deed of the sheriff conveying the land, &c. It was admitted, that James H. Shorter was dead at the date of the issue of said execution, under which the plaintiff purchased the land, and that more than a term had elapsed, between the issue of the execution under which the land was sold, and the last execution preceding it. Thereupon the court charged the jury, that the plaintiff was not entitled to recover. To which the plaintiff excepted. This is now assigned as error.

COCKE, for plaintiff in error.

1. The injunction bond is described with sufficient accuracy to authorize a summary judgment, and execution on it. All that is necessary in the description, is such a degree of certainty as will enable the court to identify it. Anderson v. Rhea, 7 Ala. 104; Colburn v. Downs, 10 Mass. 20.

2. The judgment entry omitted to state the christian name of the Mahone who was a party to the confession. This omission it was competent to supply, by reference to other parts of the record, or by extraneous proof, and when so supplied, the defect was amendable, and would be considered as amended, though the amendment was not in fact made. 9 Ala. Rep. 99. The bill of exceptions shows that, by reference to the agreement entered into by the parties to the judgment at law on the minutes of the court, and other proof connected therewith, the fact was fully disclosed that the same Mahone who is described in the injunction bond as a party to the judgment at law, was in truth the one who joined in the confession, and thus, the judgment at law and that described, were clearly identified.

3. It is no objection to the injunction bond as a statutory bond, that two writs of execution were included in it. Winston v. The Commonwealth, 2 Call, 291; Elliott et als. v. Mayfield, 4 Ala. 417.

4. An execution issued after the death of the plaintiff is not void, but voidable only. Day v. Sharp, 4 Wharton, 339; Jackson v. Robins, 16 Johns. 537; Jackson v. Delancy, 13 Johns. 537; Jackson v. Bartlett, Ib. 361; Woodcock v. Bennett, 1 Cow. 740; 2 Saunders, note b, page 6.

5. The same rule applies in the case of the death of the plaintiff, and the failure to issue execution in a year and a day after judgment. Bingham on Judgments, 13 Law Lib. 50, top; see also authorities above cited.

6. In Collingsworth v. Horn, 4 Stew. & Port. 237, it is held, that an execution issued in continuation of a lien acquired during the life time of a defendant, to carry out that lien as to personal property, is not irregular. There can be no difference in principle between that case, and one in which an execution issues after the plaintiff's death to perfect a judgment lien on land acquired in his life time. The execution is a mere authority to sell. Quin et al. v. Wiswall, 7 Ala. 645. The case of Day v. Sharp, 4 Wharton, presents the question fully, whether an execution issued after the death of the plaintiff is void, or voidable only. It was an action of trespass, and plea of justification by virtue of the execution. The case of Jackson v. Robins, 16 Johnson,

*particularly*, is in support of the same principle, and also shows that in this respect there is no difference between an execution issued after the death of a plaintiff, and one issued after a year and a day.  The case of Woodcock v. Bennett, is cited to show the distinction between void and voidable process, and the ground of that distinction.

J. E. Belser and G. W. Gunn, contra.

1.  To authorize a judgment upon an injunction bond, the latter must describe the execution or judgment enjoined with sufficient certainty, to enable the court to determine what execution was intended to be superseded.  Anderson v. Rhea, 7 Ala. R. 104.

2.  Where there is a variance in the name of one of the defendants in the execution, the same is void.  The security to the bond has a right to stand upon the precise terms of his contract.  Sanford et al. v. Richardson, 5 Ala. R. 618; Meredith v. Richardson, 10 Ala. 829; 4 Ala. 279; 4 Hen. & Mun. 180.

3.  The judgments upon statutory bonds will not be sustained, unless all the pre-requisites are complied with, and more particularly will this principle be adhered to, when the judgment is of that character, that a writ of error will not lie to reverse it.  Allen v. Hays, 1 Stew. 10; Taylor et al. v. Powers, 3 Ala. 285; Hopkins v. Laud, 4 Ib. 427.

4.  A purchaser of lands at sheriff's sale under judgment at law, takes nothing by his purchase, when the judgment is for any cause suspended in its operation; the judgment is a part of his chain of title, and must be effective at the date of the sale of the land.  Driver v. Spence, 10 Ala. 540; Bunn v. Webb, 3 Ib. 109.

5.  The issuance of an execution, after the death of a sole plaintiff in the judgment, is wholly void, and if the plaintiff dies after the execution is delivered to the sheriff, but before levy, the same abates.  Abel v. Ward, 8 Mass. 79; Carter v. Simpson, 7 Johns. 535; Holloway v. Johnson, 7 Ala. 660; 2 Bibb, 198; 7 Wend. 398; 9 Ala. 335.

6.  The judgment in this case, which was suspended by the injunction, as shown by the pleadings, all bearing the same number, and describing the debt upon which the judgment

was rendered, was against one of the Mahones; whereas the bond described a judgment against a different one—difference, Edward F. and John, clearly a variance.

COLLIER, C. J.—In Collingsworth v. Horn, 4 Stew. & P. Rep. 237, it was decided that where a writ of *fieri facias* had issued against the estate of an intestate in his life time, an *alias* and *pluries* might be issued thereafter, and *personal property* levied on and sold in order to satisfy the judgment; that the first writ created a lien which the retrospection of the latter, continued and perfected. In fact, the several writs were regarded as a mere continuation of the process, which was necessary to complete the execution. But it was held in Lucas v. Doe ex dem. Price, 4 Ala. Rep. 679, that that decision was inapplicable where real estate was the subject of levy and sale. The original *fi. fa.*, it was said, originated no lien upon the "lands and tenements" of the debtor, that it cannot connect itself with the *alias* and *pluries* for the purpose of showing their regularity, or imparting to them an energy which they do not intrinsically possess. "The judgment itself operates a lien upon the real property; that is, it gives a right to have that property sold, in order that it may be satisfied. By the death of the defendant, his lands descend to his heirs, or vest as he may devise by will, and the mandate of an execution which directs the sheriff to make of them the amount of a judgment, must be wholly inoperative and void. In fact, such a writ could never be executed in consequence of the death of the defendant, which has cast his estate upon other proprietors."

In Mansony and Hurtell v. the U. S. Bank et al. 4 Ala. R. 735, it is intimated in no equivocal terms that a *fieri facias* which requires money to be made of the estate of a deceased defendant, although it be an *alias* or *pluries*, following an original which issued in the life time of the defendant, is absolutely void; and if such process is executed, it will be regarded as a nullity from the beginning, so that a purchaser under it acquires no title as against heirs or devisees. See cases there cited; also Erwin's lessee v. Dundas et al. 4 How. Rep. 58; Fryer v. Dennis, 3 Ala. Rep. 254; Cooper v. May, 1 Harring. Rep. 18; Samuel v. Zachery, 4 Ired. Rep.

377; Davis v. Helm, 3 Smedes & M. Rep. 17; Hubert v. Williams, Walker's Rep. (Miss.) 175; Holloway v. Johnson, 7 Ala. 660; Wood v. Harrison, 1 Dev. & Bat. 356; Perkins v. Ballinger, 1 Hayw. 367; Dudley v. Strange, 2 Hayw. 12.

Though the plaintiff should die within a year and a day after he has obtained judgment, his personal representative cannot have execution against the defendant, without a *scire facias*. If the defendant die within that period, the plaintiff cannot have an *elegit* under the statute of *Westminster*, the 2d Ch. 18, against his lands in the hands of his heir or terre-tenant, or generally any other execution without a *scire facias* against his heir, or terre-tenant, and personal representative. The rule being, that where a new person who was not a party to the judgment, or recognizance, derives a benefit by, or becomes chargeable to the execution, there must be a *scire facias* to make him a party to the judgment, or recognizance. Jefferson v. Morton et al. 2 Saund. Rep. 6, note 1.

In Stymets et al. v. Brooks, 10 Wend. Rep. 206, it was decided that land cannot be sold on an execution issued *after the death of the defendant*, although it is tested as of a day previous to the death. The reasons given, are, that a new party is affected by the execution, and there would be a discrepancy between it and the record, and indeed there is no authority for the process. The court consider the English doctrine which sanctioned the testing of an execution of a day previous to the defendant's death, so as to give it a retrospective lien upon the goods and chattels, and say that it never had any application to an execution against the lands of the debtor.

So in Hildredth v. Thompson, 16 Mass. Rep. 191, it is said by the common law, all proceedings in a suit at law are stoped by the death of one of the parties. If either of them die before judgment, no judgment can be entered; if after judgment no execution can issue. No authority was known, either in England or this country, for issuing an execution, where a party to the judgment was dead, and if an execution issued under such circumstances, it was said it "*must be considered void.*"

True, in Day v. Sharp, 4 Whar. Rep. 339, it was held,

that an execution issued in the name of the plaintiff, who is dead, without substituting his personal representatives, was not absolutely void, and it furnishes a justification to the party who caused it to be levied. The court say, that "in case of the plaintiff's death, no doubt it is the duty of the party who issues process of execution, to substitute the name of his executors or administrators; and as there is a new party, to issue a *scire facias.* But the not issuing of a *scire facias* where the law requires it, has not *per se* been considered as making an execution void, or the party issuing it a trespasser." The court seemed to assimilate the case before it to a *fieri facias* sued out after a year and a day after the rendition of the judgment, which is confessedly not void, but merely voidable by some direct proceeding. See Jefferson v. Morton, et al. *supra,* note 1; Jackson v. Bartlett, 8 Johns. Rep. 361. It is further said, that "the line of distinction has not been accurately drawn as to all the cases where the process is merely erroneous, and those where it is an absolute nullity; and perhaps each case must depend in some measure on its own circumstances; but as the issuing of the execution, if done by a party entitled to collect the money upon it, is rather a defect in the formal mode of proceeding, that is to say, the use of the name of the deceased plaintiff, instead of substituting executors or administrators, and issuing a *scire facias,* than a substantial defect, it seems to me on the authorities, that it must in such case be considered as an erroneous proceeding, not an irregular and void one." But whether the execution was merely erroneous, or absolutely void, in the legal sense of those terms, it was said to be a sufficient justification for the party causing it to be issued, when sued in an action of trespass, as well as for the officer, or other person assisting in the execution of it, if the party aggrieved did not cause it to be set aside before the institution of the suit, by some direct proceeding.

The case last cited, it is believed, is indefensible in principle, so far at least as it maintains that an execution which issues in favor of a deceased plaintiff is voidable merely, and we think is not sustained by authority, The analogy of such an execution to one sued out after a year and a day from the time the judgment is rendered, is not perceived. In the lat-

Stewart v. Nuckols.

ter case, a satisfaction of the judgment was presumed from the neglect of the plaintiff to enforce its payment. Yet in such case, the judges held, that if the executi on issued without a *scire facias*, after a year and a day, and the defendant did not interpose to set it aside, it was an implied admission that the judgment was unsatisfied, and existed in full force. An execution issued under such circumstances, was regarded as a mere irregularity, which it was competent for the party defendant to waive. Erwin's Lessee v. Dundas et al. 4 How. Rep. U. S. 58. See also, 1 Cow. Rep. 711; 20 Johns. Rep. 156; 1 Yerg. Rep. 40; 10 Ib. 328; Preston v. Surgoine, Peck's Rep. 81; 5 Ohio Rep. 221; Battle v. Bering, 7 Yerg. 531.

The argument which establishes the nullity of a *fi. fa.* against the estate of a deceased defendant, it is true, does not in terms apply, where the plaintiff has died before the execution issued, yet we think the same consequence results from the death of either party. It is a legal axiom, that to authorize a court to adjust the rights of parties, and to render an operative judgment between them, there must be what is sometimes called, in technical language, an *actor* and a *reus*, or in other words a controversy conducted by a plaintiff, and defendant, having an actual existence, no matter by what names they are known. If either party die *pendente lite*, or after judgment, the proceeding either abates absolutely, or becomes in a state of suspended animation; in the latter case, the law has in most instances provided a remedy by which renewed vitality may be imparted to it, and the suit proceed to trial and judgment; or if judgment was rendered while the parties were in life, the plaintiff may have execution. But a judgment rendered against either party after his death, and which cannot be referred by relation to a day previous, is a nullity which will not sustain an execution, and may be recalled on writ of error *coram vobis*. See Holford v. Alexander, 12 Ala. Rep. 280, and cases there cited; Finney v. Ferguson, 3 Watts & Serg. Rep. 413; Greenough v. Patton, 7 Watts' Rep. 336; North v. Pepper, 20 Wend. Rep. 677; Jennings v. Ashley, 5 Pike Rep. 128; Pool v. Loomis, Id. 110; Stickney v. Davis, 17 Pick. Rep. 169; Collins v. Prentice, 15 Conn. Rep. 423.

If a sole plaintiff die after judgment, we have seen it loses its active operation, and cannot be enforced. It will not do to say that it becomes merely voidable at the election of the defendant; until it is revived, it is ineffectual, and will not furnish a warrant for an execution to coerce satisfaction of what it adjudges. Its life is suspended, and the authority which it gave to issue an execution, must, for the time being be withdrawn—the legal order for that purpose is withdrawn, and until it is renewed, the judgment stands as if it never had been rendered. Wingate v. Gibson's Ex'r et al. 1 Murp. Rep. 492; Wagnon v. McCoy's Ex'r, 2 Bibb's Rep. 198; Buckner v. Terrill, Litt. Sel. Ca. 29; Newsom v. Newsom, 4 Ired. Rep. 381. This conclusion seems to us to be a necessary sequence from the rule which requires real parties to all process, whether it be original or final; and is necessary to the preservation of harmony and adaptation in legal principles—having decided that an execution issued after the death of the defendant was void, we cannot with propriety say, that the plaintiff's death makes it voidable merely. The *fi. fa.* being void, the levy and sale under it passed no title to the plaintiff, a purchaser; consequently his deed from the sheriff was rightly adjudged insufficient to pass the title of either of the defendants in execution. This view is decisive of the case, and we need not inquire whether the bond for an injunction is so framed as to entitle the obligee to the summary remedy provided by statute. We have but to add, the judgment of the circuit court is affirmed.

CHILTON, J., not sitting.