Martin v. Dollar.

---

## MARTIN vs. DOLLAR.

[BILL IN EQUITY FOR REFORMATION OF SHERIFF'S DEED.]

1. *Void deed not reformed.*—Equity will not reform a sheriff's deed, on account of an incorrect description of the land, when the sale itself was a nullity because the judgment under which it was made was void.
2. *Levy of attachment by constable.*—A constable has no authority, in this State, to levy or serve an original attachment, issued for a sum exceeding fifty dollars, and returnable to the circuit court; and a judgment by default, predicated on such void levy, is absolutely void.

APPEAL from the Chancery Court of St. Clair. Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by John Martin, the appellant, seeking the reformation of a sheriff's deed in the description of the land, and an injunction of an action at law instituted by the defendant in the judgment for the recovery of the land. The land was sold in 1838, under a judgment of the circuit court against one John Dollar, and was purchased by the plaintiff, who afterwards sold and conveyed to Fendall Robertson. The chancellor held the deed void, and therefore incapable of reformation, because the judgment against Dollar was predicated on the levy of an original attachment by a constable. He therefore dismissed the bill, and his decree is now assigned as error.

MORGAN & MARTIN, for appellant.

B. T. POPE, contra.

RICE, C. J.—If the judgments of the circuit court, under which the complainant became the purchaser of the lands at the sheriff's sale, were void, the alleged mistakes in the sheriff's deed cannot be corrected in a court of equity; because the sale of the lands under such judgments was a nullity, and passed no title, either legal or equitable, to the purchaser, (Stewart v. Nuckolls, 15 Ala. 225;) and it would, therefore, be useless and vain for the court to correct the mistakes in the deed, even if they existed. The mere correction of them could not possibly benefit the purchaser. To render him any service, the court would have to go further, and *create* for him a title, in the face of facts which showed he had none. The court cannot go that length.

[2.] The judgments of the circuit court were by default. There was no notice or service of any kind, except the levy of the original attachments, by which the suits in which the judgments were rendered were commenced. That levy was made a *constable*, although each of the attachments was issued for more than fifty dollars, and was made returnable to the circuit court. If that levy

did not give that court jurisdiction to render the judgments, it had no jurisdiction to render them, and they are void.—Eslava v. Lepretre, 21 Ala. 552, and cases cited *infra*. The counsel for the complainant has not pointed out any law, which authorizes a *constable* to serve or levy an original attachment, issued for a sum exceeding fifty dollars, and made returnable to the circuit court; nor have we been able to find any such law. We decide, therefore, that a constable has no authority to serve or levy such attachment; that a service or levy of it by him is absolutely void, and will not give the circuit court jurisdiction to render a judgment; and that the judgments of the circuit court, resting as they do only upon such levy or service, are void.—Reed v. Perkins, 14 Ala. 536; Harris v. Hardeman, 14 How. (U. S. Sup. Ct.) Rep. 334; Eslava v. Lepretre, *supra;* Edwards v. Wickliffe, 7 Ala. 715; Gresham v. Leverett, 10 Ala. 384; Blount v. Traylor, 4 Ala. 667; Caldwell v. Meador, 4 Ala. 755; Brooks v. Godwin, 8 Ala. 296; Dew v. Bank, 9 Ala. 323.

It results from the foregoing views, that the complainant shows no right to relief, and that the decree of the court below must be affirmed. The appellant must pay the costs of the appeal.