## COCKRELL vs. McGRAW.

[ACTION COMMENCED BY ORIGINAL ATTACHMENT.]

1. *Motion to quash attachment by stranger to record.*—An original attachment, reg- ular on its face, and supported by a regular affidavit, cannot be quashed, on the motion of a stranger to the record, "who is shown to have an interest in the question and motion," for matter *dehors* the record, which is properly triable by a jury.

APPEAL from the Circuit Court of Pickens.
Tried before the Hon. A. A. COLEMAN.

THE record in this case shows the following facts: On the 19th January, 1858, the appellant sued out an original attachment, before the clerk of the circuit court, against the estate of Washington L. McGraw ; having made the statutory affidavit, and given bond as required by law. At the return term of the attachment, as the bill of exceptions states, two attorneys of the court, " as *amici curiæ*, and at the instance of John M. Sprowl, who was shown to have an interest in the question and motion, moved the court to quash the attachment, on the follow- ing grounds : 1st, that the attachment was not issued by any person authorized to issue it; and, 2d, that said attachment purports to have been issued by W. Kilpat- rick, as clerk of this court, when it was not in fact so issued." On the evidence submitted in support of this motion, which it is unnecessary to state, the court quashed the attachment; to which the plaintiff excepted, and which he now assigns as error.

H. S. SHELTON, for the appellant.
TURNER REAVIS, *contra.*

RICE, C. J.—A suit may be commenced by original attachment; and when thus commenced, the attachment is the leading process in it.

If the attachment be issued without the affidavit and bond prescribed by the Code, it " may be *abated on plea of the defendant*, filed within the three first days of the return term."—Code, § 2561.

The Code further provides, that all pleas *in abatement*, unless it be of matter of record, must be verified by affidavit, (Code, § 2238;) and that the attachment law must be liberally construed, to advance the manifest intent of the law,—Code, § 2562.

The attachment, in the case at bar, is not assailed by plea, nor for any defects apparent upon the face of it, or of the affidavit, or of the bond, nor by the defendant; but it is assailed by a motion to quash, made by two gentlemen " as *amici curiæ*, and at the instance of John M. Sprowl, who was shown to the court to have an interest *in the question and motion;* " and the motion is predicated upon two specified grounds, neither of which is verified or supported by any thing apparent upon the attachment, affidavit, or bond of the plaintiff, nor by any affidavit. No question, therefore, is now presented, as to the right of the defendant in attachment, or of persons who are privies in interest, to found a motion to quash *upon defects apparent on the face of the attachment and affidavit.* It may be conceded, that a plea in abatement is not necessary to entitle the defendant, or any privy in interest, to make *such defects* available to defeat the proceeding.—Reid v. McLeod & Co., 20 Ala. R. 576. But the question here is, whether an original attachment, regular upon its face, and supported by an affidavit regular upon its face, can be quashed, on the motion of a person not a party to the record, but who has an interest in the question and motion, for matter *dehors* the record, and which is properly triable by a jury. We cannot hesitate to decide that question in the negative. A person, not a party to the record or suit, cannot be thus permitted to intervene and tender an issue upon matter *en pais*, without violating the rules of pleading, and the manifest intent of the attachment law.—Edwards v. Lewis, 16 Ala. 813.

It does not follow, that because such a person cannot make such a motion, he is without remedy, if he can

show himself injuriously and illegally affected by the attachment.—See Perkins v. Reed, 14 Ala. Rep. 536; Milman v. Levy, 7 Georgia R. 167; Matthews v. Sands, 29 Ala. R. 136.

The court below erred in granting, instead of over-ruling the motion to quash. Its judgment is, therefore, reversed, and the cause remanded.