## BOYD, ADM'R v. DENNIS.

1. If an execution be issued in the life-time of the defendant the *lien* may be continued after his death by an *alias* or *pluries*. But if there be a chasm by the lapse of a term, an *alias* cannot issue, but the judgment must be revived by *scire facias* against the personal representative.

Error to the Circuit Court of Pike.

Boyd, Adm'r., v. Dennis.

This was a motion by the plaintiff in error, to quash an execu-tion. The facts were, that the defendant in error obtained a judgment against the intestate of the plaintiff, upon which execu-tion issued; after which, and before the return day thereof, intes-tate died. No other execution issued on the judgment for more than a year afterwards, when an *alias* was issued and levied on certain slaves of the deceased, in the hands of the plaintiff in er-ror, as his administrator.

Upon this state of facts, the court overruled the motion to quash, from which this writ is prosecuted.

BUFORD, for plaintiff in error, cited 4 S. & P. 237; 3 Ala. Rep. 254; 4 id. 326, 681; 1 Sand. Rep. 280, note 8.

J. COCHRAN, *contra*.

ORMOND, J.—In the case of Collingsworth v. Horn, [4 S. & P.] this court held, that, where an execution had issued in the life time of the defendant to the judgment, and an *alias* and *plu-ries* have regularly issued, after his death, without the lapse of a term, that the *lien* of the original execution was preserved; and that the property of the deceased could be sold under the last ex-ecution, without a *scire facias* against his administrator, to revive the judgment.

In this case, there is no controversy about the *lien* of the first execution. The only question is, whether, in the event of the death of the defendant in execution, after an execution had issued against him, a *pluries* may be issued after the lapse of more than a year, without reviving the judgment against the administrator.

We think it very clear, that the execution was issued irregu-larly in this instance. According to the case cited from 4 Stew. & Port., it was allowed thus to continue the *lien* created by the first execution, and to levy and sell under an *alias* or *pluries.* Here, then, was a chasm by the intervention of two entire terms. There was, therefore, no connecting link between the original and *alias* executions; and the latter being issued after the death of the defendant, was irregular, without a *scire facias* against his personal representative to revive the judgment.

The judgment of the court below, overruling the motion to quash the execution, must be reversed; and a judgment quashing the execution, be here rendered.