## ABERCROMBIE v. HALL.

1. Where a defendant, against whose estate a writ of *fieri facias* is sued out, dies after the same has been injoined, his lands are not subject to levy and sale under an execution issued after his death, upon the dissolution of the injunction. The act of 1835 " to authorise the issuing of executions in certain cases, and for other purposes, does not apply to such a case.

WRIT of error to the Circuit Court of Talladega.

This was an action of trespass, at the suit of the plaintiff in error, brought as well to try titles to certain lands described in the indorsement on the writ and in the declaration, as to recover damages for the occupancy and detention of the same. The

cause was tried upon the *general issue*, a verdict returned for the defendant, and judgment thereon rendered.

On the trial, a question of law was reserved by bill of exceptions, at the instance of the plaintiff, which may be thus stated: James Hall, the husband of the plaintiff, became a surety of Gideon Riddle, in a bond for a writ of error to revise a judgment recovered against him by Knox & Co.; the judgment was affirmed against Riddle and sureties, and an execution issued against their estate jointly. Riddle, thereupon, applied for and obtained an injunction, and entered into bond with surety, for the successful prosecution of the suit in chancery; pending the injunction, Hall died. Afterwards, a *fieri facias* issued against Riddle and his sureties, in the writ of error and injunction bonds, under which, the lands in question were sold; the plaintiff became the purchaser, and received the sheriff's deed. It was shown that James Hall was in possession of these lands when he became the surety of Riddle, and so continued up to the time of his death; and that the defendant, as his devisee, had occupied them ever since that event.— The court charged the jury, that the proof did not make out a case which entitled the plaintiff to recover.

S. F. Rice, for the plaintiff in error—cited Clay's Dig. 202, § 5; 205, § 17; 206 and 207, § 28 and 29; 2 Ala. Rep. 734; 4 id. 321–4, 405; 5 id. 58, 199, 433; Tidd's Practice, 1028; 4 Com. Dig. 249 (F); 9 Mass. Rep. 14, 160; 6 id. 149; 3 Porter's Rep. 25.

Wm. P. Chilton, for defendant.

COLLIER, C. J.—In Lucas v. Doe *ex dem.* Price, [4 Ala. Rep. 679,] we held, that where an original *fieri facias* was issued in the lifetime of the defendant, and returned unexecuted, an *alias* or *pluries fi. fa.* issued after his death, will not authorise the levy on, and sale of, lands of which the defendant died seized.— That "by the death of the defendant, his lands descend to his heirs, or vest as he may devise by will, and the mandate of an execution which directs the sheriff to make of them the amount of a judgment, must be wholly inoperative and void. In fact, such a writ could never be executed in consequence of the death of the defendant, which has cast his estate upon other proprie-

tors." In Mansony and Hurtell v. The U. S. Bank and its assignees, [4 Ala. Rep. 735,] the same question is largely considered, and the same conclusion intimated in no equivocal terms.

These decisions, it would seem, should be regarded as conclusive of the case at bar; but the counsel for the plaintiff, insists that the act of 1835, "to authorise the issuing of executions in certain cases, and for other purposes," was entirely overlooked in their consideration, and leads to a different conclusion. That statute, so far as it is necessary to notice it, is merely declarative of the law, and was intended to remove the doubts of professional men, by enacting, that where an execution issues within a year and a day after the rendition of a judgment, it shall be lawful at any time thereafter, to issue execution on such judgment without suing out a *scire facias* or other process to revive the same. This enactment is so indicative of its own meaning as not to require the aid of construction. It was not intended to remove the influence of the death of the defendant upon the right to sue out execution in any case. But its purpose was to declare, that where the plaintiff has caused execution to be regularly isued upon his judgment, the judgment shall not lose its vitality by lapse of time only, but an execution may be sued out thereon, at any subsequent period.

If it is necessary to sell the lands of a deceased defendant, and the executor or administrator neglects to apply for an order for that purposse, the statute authorises a judgment creditor to subject them to sale by prosecuting a *scire facias* according to its directions. [Clay's Dig. 197, § 27.]

Our conclusion is, that the judgment of the circuit court must be affirmed.