## · DEL BARCO v. BRANCH BANK AT MOBILE.

1. Irregularities in a delivery bond given by the claimant of property levied on, cannot be examined in the first instance in this court. If the bond is so defective as not to warrant the plaintiff in suing out execution, the proper course is to apply to the circuit court, or to a circuit judge to supercede it.

2. Where upon the record, it appears the issue is joined with one who is not a party, this will be rejected, if the judgment entry shows the trial of an issue between the proper parties.

Writ of Error to the Circuit Court of Mobile.

CLAIM interposed by Del Barco to certain property levied

on by a *fi. fa.* at the suit of the bank, against Wm. A. Hardaway. The issue found in the transcript, is the allegation by the bank that the property was subject to the levy, to which "the claimant, R. A. Hardaway, for plea says that the property is not subject to the execution."

The judgment entry is entitled The Branch Bank of the State of Alabama at Mobile v. Wm. A. Hardaway, defendant in execution, and Joseph E. Del Barco, claimant, and recites the coming of the parties by their attorneys, the empanneling of a jury to try the issue between the said plaintiff and the said claimant, the return of a verdict finding the property subject to the execution, and assessing its value, and a regular judgment upon the verdict.

The bond given by Del Barco, is also in the transcript, from which it appears the execution is recited as one against W. A. Hardaway, and Myers and Scott are the sureties.

The writ of error is sued out in the names of Del Barco, Myers and Scott, who here assign as error—

1. That no proper issue was joined between Del Barco and the plaintiff in execution.

2. That the bond set forth in the transcript is void, there being no such execution as there recited.

3. That there were no sufficient proceedings had to cause the forfeiture of the bond.

4. The verdict and judgment are insufficient, and do not sustain the liability of the appellants.

5. The bond is not authorized by the statute to be taken, nor returned forfeited.

Afterwards, the plaintiff in error moved to amend the writ of error, by striking out the names of Myers and Scott, if necessary to make the writ conform to the record.

STEWART, for the plaintiff in error.
LESESNE, contra.

GOLDTHWAITE, J.—1. Most of the assignments of error refer to supposed irregularities in the bond given by the claimant for the redelivery of the goods seized, in the event of their condemnation, but these cannot be examined in the first instance in this court. If the bond does not conform to

the statute, or is otherwise so irregular that under the statute the plaintiff would have no authority to sue execution upon it, the proper course would be to supercede the execution by application to the court below, or to a judge of the circuit court in vacation.

2. Upon the record, as between the plaintiff in execution and the claimant, all is regular, if the joinder of issue (which in the transcript is stated as being made by the claimant, R. A. Hardaway) is kept out of view. This cannot in any manner control the effect of the judgment entry, which after stating the title of the cause, as one in which W. A. Hardaway is defendant in execution, and Del Barco claimant, proceeds to set out that upon the issue joined between the plaintiff and the said claimant, a verdict was returned and judgment entered. It is impossible to presume this entry was made in a suit between the plaintiff and R. A. Hardaway. The constant course of practice in this court, is to reject all matters which are inconsistent with the judgment entry, or to consider them as clerical misprisions, which amend themselves, by reference to other parts of the record. This inconsistent joinder of issue, upon the plaintiff's allegation that the property levied on was subject to the execution, in our judgment must be rejected, and then the record is free from error.

Judgment affirmed.