## NICOLSON v. BURKE.

1. A judgment was rendered against S. R., in favor of W. & C., upon which execution issued against S. R., which being levied on a slave, he gave a forthcoming bond for its delivery, with B. as his surety. The judgment is described in the bond as having been rendered against S. R. and B., and being returned forfeited, and an execution having issued thereon against S. R. and B.—Held, that the discrepancy between the bond and the execution was so great, that no execution could issue upon it, and that a sale of land made under it, would be set aside.

Errror to the County Court of Marengo. Before the Hon. James A. Young, Judge.

This was a motion by defendant against plaintiff in error to quash an execution, and set aside a levy and sale made under it. A judgment was rendered in the county court of Marengo, in favor of Walke & Clarke, use of Wm. Cain & Co· against Spencer Roane, for $328 18 debt, $21 85 damages, and $6 56 costs, on which an execution issued against said Roane, on the 20th December, 1839, and was returned with the indorsement, "levied on a negro girl, Jane, and forthcoming bond taken and forfeited, the first Monday of April, 1840." The forthcoming bond that appears in the record, bears date March 7th, 1840, is executed by Spencer Roane and John Burke, the defendant in error, and describes an execution issued on the 20th December, 1840, from the county

court of Marengo, in favor of Walke & Clarke, against Spencer Roane and John Burke, for $351.  After the issuance of two other executions, a pluries issued on the 5th October, 1846, in favor of Walke & Clarke against Spencer Roane, and John Burke, his security on the delivery bond, for the sum of $350 03, debt and damages, and was levied on several tracts of land as the property of Burke, of which plaintiff in error became the purchaser at the sale by the sheriff. Roane died in the summer of 1840, and no execution had issued on the judgment between January, 1841, and September, 1846.  Burke, on due notice to the plaintiff in error, moved the court below, at its fall term 1848, to quash the execution last issued, and to set aside the levy and sale made under it.  The motion was sustained, and the order entered in accordance therewith.  This action of the court is now assigned as error.

ORMOND, for plaintiff in error.
No counsel for defendant.

COLLIER, C. J.—In Lunsford et al. v. Richardson & O'-Neal, 5 Ala. 618, it was decided, that the proper course to be pursued for the purpose of avoiding a forthcoming bond, or detroying the effect of an execution issued thereon, was by motion to the court to which it was returnable.  The execution in that case issued against the goods, &c. of John Lunsford and three other persons, and the bond described it as having issued against the goods, &c. of John Lunsford, only ; the aggregate of debt, damages and costs which it required to be made was $2,492 50, and the bond states the amount to be $2,743.  The court said, " these discrepancies it is believed are so great, that we cannot say from an inspection of the execution in the record, that it is the writ to which the bond refers.  The misdescription is such, that it cannot be identified with reasonable certainty ; the execution being placed out of the way, there is nothing to sustain the bond, and the circuit court should have quashed it."  So in Moffitt and Watson v. The Branch Bank at Mobile, 7 Ala. Rep. 593, it was held that a judgment and execution against Elisha Moffitt and another person, will not sustain a forthcoming

Nicolson v. Burke.

bond which describes a judgment and execution against E-
lisha Moffitt alone. "This discrepancy," say the court, "is
so great, that we cannot say that it is the execution and
judgment described in the bond, and it does not therefore ap-
pear that there was any authority for taking it."

If an execution be issued in the lifetime of the defendant,
the lien may be continued after his death by an *alias* or *pluries
fi. fa.;* but if there be a chasm by the lapse of a term during
which there was no execution, in the officer's hands, an *alias*
cannot issue, but the judgment must be revived by *scire fa-
cias* against the personal representative. Bond, Adm'r v.
Dennis. 6 Ala. Rep. 55. Although there be a plurality of de-
fendants in the judgment, the rule will be the same in re-
spect to the one who is dead. Jones, adm'r v. Swift, 12 Ala.
Rep. 144. Where a defendant, against whose estate a *fi. fa.*
is sued out, dies after the judgment has been injoined, his
lands are not subject to levy and sale under an execution is-
sued after his death, upon the dissolution of the injunction.
Abercrombie v. Hall, 6 Ala. Rep. 657. But the mere error
in an execution, for which it is quashed, does not of itself set
aside, a sale of land made under it ; nor should the sale be
set aside, if the purchaser without notice of the irregularity,
has paid his money and obtained a deed. Chambers v. Stone
& Pope, 9 Ala. Rep. 260.

The cases of Boyd, adm'r v. Dennis, and Jones, adm'r, v.
Swift, *supra*, and several others in this court, which deter-
mine that the lien of a *fi. fa.* may be continued by an *alias*
execution issued after the defendant's death, apply alone
where the personal estate of the debtor is sought to be reach-
ed. See Lucas v. Doe ex dem. Price, 4 Ala. Rep. 679 ;
Mansony & Hurtell v. The U. S. Bank, et al., Id. 735 ;
Stewart v. Nuckals, at this term. These latter citations
show that the rule has no application as it respects lands.
See further, Hubbert and another v. McCollum, 6 Ala. Rep.
221 ; Smith & Bowdon v. Knight, 11 Ala. Rep. 618 ; Del
Barco v. The Br. Bank at Mobile, 12 Ala. Rep. 238 ; Moore
& Cocke v. Bell, 13 Ala. Rep. 459 ; McCollum v. Hubbert
and Caple, Id. 282 ; Martin v. The Br. Bank at Decatur, at
this term.

In the case at bar, the action was against Spencer Roane,

in favor of Walke & Clarke, for the use of William Kain & Co. ; the judgment and original *fieri facias* thereon, pursue the writ and declaration in describing the parties. But the forthcoming bond is executed by Roane and Burke, without designating them as principal and surety. In the condition, the execution is described as having issued in favor of Walke and Clarke, taking no notice of the beneficial plaintiffs, and against Roane and Burke for the sum of $351. The amount required to be made by the *fi. fa.* is $328 18 debt, $21 85 damages, together with $6 56 1-4 costs of suit. Without stopping to inquire whether the discrepancy between the amount of the execution which issued, and that described in the bond, is fatal to the bond as a statute obligation, we are satisfied that the execution described in the condition, varies so materially from that which is part of the record, that the latter cannot be identified as the one on which the levy referred to in the condition, was made. Placing out of view the omission of the names of the beneficial plaintiffs, the insertion of the name of Burke as one of the defendants in execution, indicates that there must be another *fi. fa.*, which does not appear, or that that found in the transcript does not support the bond. In Lunsford et al. v. Richardson and O'Neal, and Moffitt & Watson v. The Br. Bank at Mobile, *supra*, the names of one or more of several of the defendants to the execution, were omitted in the description of it in the *fi. fa.*, and the omission was held a fatal variance. Here, the name of an individual who was not a party to the judgment and execution was inserted, which we think makes the misdescription more striking, than the mere omission of the name. In the former case, the description is not false, but imperfect ; while in the latter, it is both false and imperfect.

A forthcoming bond, when taken in conformity to law, is to have the force and effect of a judgment, and an execution may issue on it ; but to support an execution, it must be such as the statute requires. Upon such a bond, which will not authorize an execution to issue against the parties to it, an action is sometimes maintainable at the suit of the obligee. Whitsett v. Womack, 8 Ala. Rep. 466 ; Meredith v. Richardson & O'Neal, 10 Ala. Rep. 828. If however, the bond be so defective that the force and effect of a judgment cannot

be accorded to it, we cannot see how it can furnish the authority for an execution to issue. Where the bond is such as the statute contemplates, upon being returned forfeited, it becomes a *quasi* judgment for the purpose of sustaining an execution against the principal and surety; but if it want any of the essential characteristics, no such effect can be given to it. We have seen that the *fi. fa.* which was levied on the property of Roane, is not identified in the condition of the bond, but there, another execution between different parties is described. This being the case, there is wanting the basis on which to rest the bond as a statute obligation, and of course the execution as it respects Burke, was issued without a legal warrant. The bond then, so far as it concerns this case, must be treated as a nullity—as giving no authority to the clerk to direct the levy on, and sale of Burke's property; and the execution professedly founded upon it, is *merely void*. This conclusion seems to us to be the necessary consequence of the premises from which we have reasoned. There can be no middle ground at which we can stop, and say that the execution is voidable only. If an execution issues where there is no judgment, or one so entirely variant that by no allowable amendment, can it be shown that the execution was founded upon it, the proceedings under the execution cannot be supported. The present case is quite as strong to show the invalidity of the process—the bond, the *quasi* judgment is in itself so defective, as not to authorize an execution to issue; the *fi. fa.* then, under which the plaintiff in error claims, issued without the warrant of law, and could not have been executed. If this view be well founded, it seems to us, that there can be no pretence for sustaining the purchase of the plaintiff in error; but it must fall with the execution and bond, upon which it is dependent for its legal validity. We will not extend this opinion, by considering the other questions raised, as their decision becomes unnecessary. The judgment of the county court must be affirmed.