## HILL, USE &C. *vs.* McKENZIE.

[PETITION FOR SUPERSEDEAS OF EXECUTION.]

1. *Summary judgment on injunction bond.*—Where several defendants in a judgment at law join in a bill for an injunction, and in the execution of the required statutory bond; and the injunction is perpetuated as to a part of them only, and dissolved as to the others,—the statute (Clay's Digest, 357, § 79) does not give to the bond the effect of a judgment as against the latter, nor as against the sureties.
2. *When supersedeas lies.*—When an execution is improperly issued on a bond, on the ground that the statute gives it the effect of a judgment, a *supersedeas* is the proper remedy.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. NAT. COOK.

At the fall term of said circuit court, A. D. 1842, a judgment was rendered in favor of Green W. Hill, for the use of David B. Culberson, against Reuben Lanier, David C. Neal, and William D. Powell. On the 13th April, 1843, the three defendants in said judgment filed a bill in chancery, asking a dissolution of it, and, as required by the *fiat* of the circuit judge who granted the injunction, executed a bond, with John McKenzie and R. J. W. Crockett as sureties, the condition of which was as follows : "Now, if the said Reuben Lanier, David C. Neal, and W. D. Powell shall well and truly pay all such costs and damages as the said Green W. Hill, administrator as aforesaid, and David B. Culberson, may sustain by the wrongful exhibition of said bill, then this obligation to be void," &c. At the November term, 1853, the chancellor dismissed the bill, and dissolved the injunction ; but his decree was reversed by this court, on appeal, at its June term, 1854, and the cause was remanded.—See the case reported in 25 Ala. 554. In May, 1855, the chancellor rendered a final decree in the cause, according to the principles settled by the decision of this court; perpetually enjoining the judgment as against Neal and Powell, but dissolving the injunction as against Lanier, and ordering the register to "certify accordingly to the court of law." On the 22d July, 1857, the clerk of the circuit court issued an execution on said judgment, against Lanier, McKenzie, and Crockett; and in September, 1857, McKenzie filed his petition for a *supersedeas* of this execution. The judgment at law, the injunction bond, and the proceedings had in the chancery suit, were made exhibits to the petition. A demurrer to the petition was interposed, in short by consent, but was overruled by the court; and issue being joined on the defendant's pleas, (which are not set out in the record,) the jury returned a verdict in favor of McKenzie, on which the court rendered judgment quashing the execution as to him. The overruling of the demurrer to the petition, with other matters, is now assigned as error.

GUNN & STRANGE, for appellant.

W. P. CHILTON, *contra*.

A. J. WALKER, C. J.—Three persons joined in filing a bill for the injunction of a judgment. They executed a bond, with surety, preliminary to the issue of the injunction. The final decree perpetuated the injunction of the judgment as to two of the complainants, and dissolved it as to the third. The three complainants were alike defendants in the judgment enjoined. The chancellor's decree having been certified to the clerk of the court in which the judgment was rendered, an execution was issued against the defendant as to whom the injunction was dissolved, and against the surety. The surety obtained a *supersedeas* as to him. These facts present the question, whether an injunction bond has the effect of a judgment, when the injunction has been perpetuated as to two of the principal obligors, and dissolved as to the third, all of them being defendants in the judgment enjoined.

The statute under which the execution issued, gives to an injunction bond the force and effect of a judgment on the dissolution of the injunction, and then proceeds to declare, that "it shall be lawful for the party, or parties, whose judgment may have been enjoined, to take out execution against all the obligors in the bond, for the amount of the judgment which shall have been enjoined, together with lawful interest thereon, and also the costs incurred in and about the said chancery proceedings."—Clay's Digest, 357, § 79. The obvious design of this law was that, in such a case as this, the bond should not have the effect of a judgment. It can not authorize an execution in this case, because two of the principal obligors have been discharged by the decree of the chancellor from the judgment, and the issue of an execution against them would violate the decree; and the statute does not give the effect of a judgment to the bond as to the sureties and a part of the obligors. The sureties can not be subjected to a statutory judgment, when two of their principals are relieved from the judgment by the chancellor's decree. Otherwise they would be liable to a stricter and severer remedy than their principals.

The single point above decided leads to an affirmance of the judgment of the court below. There are several questions which we have pretermitted, because it was not

necessary to decide them. We mention them, lest some opinion as to them might be implied. They are as follows: 1st, whether the bond, with its peculiar phraseology, is a security for the damages resulting from the issue of the injunction; 2d, whether the law, under which the effect of a judgment is attributed by counsel to the bond, is not repealed by the Code; 3d, whether the two principals, in whose favor the judgment was perpetually enjoined, and the sureties, are liable, in a suit on the bond, for the damages resulting from the improper issue of the injunction in favor of the third principal obligor.

[2.] It is fully settled, that a *supersedeas* was the proper remedy in this case.—*Dunlap v. Clements*, 18 Ala. 778; *Del Barco v. Br. Bk. at Mobile*, 12 Ala. 238; *Taylor v. Powers*, 3 Ala. 285.

The judgment is affirmed.