## McEACHIN *vs.* REID.

[CONTEST BETWEEN JUDGMENT CREDITOR AND GARNISHEE.]

1. *Lien of garnishment destroyed by decree of insolvency.*—If the defendant in a pending suit dies, and his estate is regularly declared insolvent, before the rendition of judgment, the lien acquired by the previous service of a garnishment is thereby destroyed, and no judgment can be rendered against the garnishee. (BYRD, J., *dissenting.*)

APPEAL from the Circuit Court of Perry.
Tried before the Hon. JAMES COBBS.

THE appellee in this case commenced suit by summons and complaint, on the 15th February, 1861, against Laton Sanders; and on the same day sued out process of garnishment against the appellant, as the debtor of said Sanders. The defendant having died pending the suit, (the record does not show at what time,) a *scire facias* was issued

to Obadiah Belcher, as his administrator; and at the November term, 1866, a judgment was rendered against said administrator, for the amount of the plaintiff's debt; but "the plea of insolvency being confessed," as the judgment-entry recites, it was ordered that the judgment be certified to the probate court, and that no execution be issued on it. At the same term, the plaintiff asked for a judgment against the garnishee on his answer, previously filed, admitting an indebtedness to the defendant; while the garnishee moved the court to discharge him, in consequence of the declaration of insolvency of the defendant's estate. The court overruled the motion of the garnishee, and rendered judgment against him, on his answer, for the amount of the plaintiff's debt; to which the garnishee excepted, and which he now assigns as error.

J. R. JOHN, for appellant.
R. W. COBB, *contra.*

JUDGE, J.—The effect of a decree of the probate court declaring an estate insolvent, is to transfer to that court the exclusive jurisdiction of all claims against the estate, subject only to the provisions of the Code as to pending suits. *Edwards v. Gibbs,* 11 Ala. 292; Code, §§ 1859, 1860.

Any suit pending at the time of the declaration of insolvency, is sustained for the single purpose of a judicial ascertainment of the amount due, if anything, on the claim involved in the litigation; and while a judgment may be rendered for the amount ascertained to be due, no execution can be issued on the judgment, but it must be certified to the proper probate court, for allowance as a claim against the estate.—Code, § 1860.

Such being the effect, under our legislation, of a declaration of insolvency, what becomes of a lien that may have been acquired in a suit pending at the time of the declaration, either by the levy of an attachment, or the service of a writ of garnishment? Such liens are expressly created by section 2527 of the Code.

Goods or chattels attached may be replevied; and when replevied, if not delivered within thirty days after judgment

against the defendant, it is the duty of the sheriff to return the replevin bond forfeited, and execution must issue thereon, against the principal and sureties therein, for the amount of the judgment and costs.—Code, § 2538. But, if the defendant dies, and his estate is declared insolvent, before the rendition of the judgment, no execution, as we have seen, can be issued thereon. How, then, can this bond be forfeited, or the lien of the plaintiff enforced? The prohibition against the issue of an execution is, in effect, a denial of all power to the court in which the judgment was rendered, to take any remedial step for the enforcement of the lien. That court is restricted to the simple duty of certifying the judgment to the probate court, which then has exclusive jurisdiction of the case, for certain well-defined statutory purposes, and has not the power, by any process with which we are acquainted, to enforce the lien, if it continued to exist, but which, under the circumstances, is discharged.

A lien, acquired by the service of a garnishment, cannot, on principle, occupy a footing more favorable, than one acquired by the levy of an attachment. A judgment against a garnishee is dependent upon the judgment against the principal debtor. If the right does not exist to enforce the collection of the latter, it cannot exist to coerce the payment of the former. The measure of the right to satisfaction of a judgment rendered against an estate, after a declaration of insolvency, is definitively fixed by the law, as well as the forum in which it is to be enforced; and, as in such case no execution can issue against the insolvent estate, so none can issue on an incidental judgment against a garnishee in the case, without sanctioning an effort to accomplish by indirection that which the law prohibits from direct accomplishment, viz., the satisfaction of the principal judgment by proceedings of the court in which it was rendered. There is no statutory provision authorizing the transfer of the lien to the probate court; and that court would be as much without jurisdiction to enforce such a lien, as it would be to enforce a lien acquired by the levy of an attachment.

The lien acquired by the service of the garnishment, in

the case before us, was inchoate and imperfect; and before it was perfected by the rendition of a judgment against the principal debtor, on which execution could issue, was intercepted by the declaration of insolvency of his estate, the effect of which was to abate the garnishment proceeding.

Our conclusion in the premises is sustained by the authority of numerous adjudications of this court, to the effect that a decree of insolvency destroys inchoate and imperfect liens, similar to that which appellee acquired. This doctrine has been too long the settled law of this State to be now disturbed. —*Hale v. Cummings & Spyker*, 3 Ala. 398; *Fitzpatrick v. Edgar*, 5 Ala. 503; *Burke v. Jones*, 13 Ala. 171; *Langdon v. Raiford*, 20 Ala. 538 ; *Lamar v. Gunter*, 39 Ala. Rep. 324.

The court below erred in not discharging the garnishee ; and the judgment must, therefore, be reversed, and the cause remanded.

BYRD, J.—The Code gives a lien on the assets of a debtor, in the hands of a garnishee, upon the service of process of garnishment. If the estate of a debtor is declared insolvent, against whom a suit was pending at his death, under the Code the suit is not abated, but proceeds to trial ; and if the creditor procures a judgment, the Code requires the judgment to be certified to the probate court.

All the decisions referred to in the opinion of the court on the question involved in this case were made under a statute which abated the suit upon a declaration of insolvency ; and I concede the correctness of those adjudications, because it requires the rendition of a judgment to perfect the lien of the attachment or garnishment. Whenever the plaintiff obtains a judgment, the lien is perfected, and becomes a vested right ; and in the leading case upon which the subsequent ones are based, the court (Goldthwaite, J., delivering the opinion) says of the lien : "It is inchoate and imperfect until a judgment is rendered, for it is that *alone* which determines the claim on which the attachment rests to be just." * * * "It is because the law declares *that no suit shall be sustained after the estate is represented insolvent*, that the *lien* is gone.—See *Hale, adm'r &c. v. Cum-*

26

*mings & Spyker*, 3 Ala. 400. This case fully sustains the position I take, that a creditor who sues out an attachment, and levies it upon property or assets of the debtor in the hands of a third person, obtains a lien on such property or assets, which, upon a judgment against the debtor, becomes a perfect lien, and a vested right, which is not defeated because the law requires the judgment to be certified to the probate court, if the estate of the debtor is declared insolvent before judgment, and that no execution can issue on the judgment.

The codifiers, and the legislature, saw the injustice that was worked to honest creditors who had done all the law required to obtain a lien, by the abatement of the suit; and therefore the law was changed by the Code, and the suit was allowed to proceed to judgment. It seems to me to be wrong to deprive a creditor of a legally acquired right by judicial construction or legislative action. Whether rights have vested under the statute law, the common law, or by contract, makes no difference. They are all equally sacred, and above the sphere of legislative power, and should be above that of the judicial or executive. My views on this subject are fully given in the case of *Dockery v. McDowell*, decided at the present term.

To illustrate: Suppose an attachment is levied on perishable property, and the debtor replevies it, and consumes it before his death; and afterward, before judgment, his estate is declared insolvent, and the suit proceeds to judgment, and is certified to the probate court; are the sureties on the replevin bond released from their liability because the debtor's estate is insolvent. If the creditor cannot sue them on the replevin bond, when the property is not delivered within thirty days after judgment as required by law, certainly no one else can do so; and the creditor is defeated of his lien and rights *without any negligence or fault* on his part; and if the debtor had no other property at his death, the creditor will be wholly without remedy. Or, suppose perishable property is levied upon, and sold by the sheriff, and he has the proceeds at the time judgment is rendered; is the creditor to be deprived of his legally acquired and vested lien, by a declaration of insolvency?

Certainly not, and the circuit court could order the application of the proceeds of sale to the payment of the judgment; and if not sufficient, should order the balance certified to the probate court; or should apply the proceeds as a credit on the judgment, and have it certified.

The Code gives an express lien on the assets in the hands of the garnishee, (Code, § 2527,) and although no execution can issue on the judgment against the administrator of the insolvent estate, yet that should not prevent the creditor from obtaining a judgment against the garnishee; and after collecting the money from him, the amount should be allowed by the probate court on the judgment; and if not sufficient to pay it, the balance of the judgment should be allowed by the probate court.

The law ordinarily favors the diligent, and never favors the deprivation of any suitor of a lawfully acquired right.

Many other views might be presented to maintain the position taken, but I shall not present them, nor refer to any other authorities than those cited in *Dockery v. Mc-Dowell*, *supra*, and *Howard v. Bugbee*, 24 How. 261.

I therefore dissent from the opinion of the court.