# Renfro & Andrews v. Willis.

## Trover for Conversion of Horse.

1. *Complaint against one partner, with summons against partnership, and judgment against "defendants;" amendment of clerical misprision.*—In trover, the summons was against R. & A. as partners, and was returned executed "by leaving a copy with R. and R. & A., defendants ;" while the complaint was against R. alone, and he alone pleaded, though R. & A. were named as defendants in the marginal statement of the parties' names in the judgment-entry, which also recited that the *parties* came by attorney, and the judgment

[Renfro & Andrews v. Willis.]

on verdict was entered against the *defendants*. *Held*, on errors assigned by R. and A. each separately, and by R. & A. as partners, that R. alone was sued, and the judgment was against him alone ; that the use of the word *defendants*, instead of *defendant*, in the judgment-entry, was a clerical misprision, which was amendable on motion in the court below, and was no ground of reversal ; and the judgment was affirmed, on all the assignments of error.

2. *Demurrer ; when interposed, and when considered on error.*—This court will not consider the merits of a demurrer to the complaint, when the record shows that it was interposed after a plea to the merits had been filed ; nor when the record fails to show that the court below acted on it.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JAMES E. COBB.

The action in this case was commenced on the 12th of September, 1878, and was brought by Mary S. Willis as plaintiff. The complaint, as copied in the transcript, was against Forney Renfro as sole defendant, and claimed " of the *defendants* $500, as damages for the conversion *by them*, on the 28th November, 1875," of a bay mare, the property of the plaintiff. The summons was against " Forney Renfro and Joseph Andrews, partners using the firm name of Renfro & Andrews," and was returned " Executed, this 12th September, 1878, by leaving a copy of the within summons and complaint with Forney Renfro and Renfro & Andrews, defendants." At the ensuing November term, 1878, Forney Renfro appeared, and pleaded not guilty ; the name of the case being stated, " *Mary S. Willis v. Forney Renfro, Joseph Andrews.*" At the February term, 1880, a demurrer to the complaint was interposed by said Renfro, on the ground that the property was not described with sufficient certainty, and because there was no sufficient averment of a conversion. This demurrer was filed on the 25th February, 1880, and the case was therein styled " *Mary S. Willis v. Renfro & Andrews.*" On the next day, a judgment was entered in the cause, styling it as before, in these words : " Came the parties, by their attorneys, and the defendant, Forney Renfro, demurred to the plaintiff's complaint ; *which demurrer, being considered by the court, is overruled,* and the cause continued by *defendants.*" At the May term, 1880, judgment on verdict was rendered for the plaintiff, as follows : " *Mary S. Willis v. Renfro & Andrews.* Came the parties, by their attorneys, and issue being joined between them, thereupon came a jury," &c., who return a verdict for the plaintiff, assessing her damages at $71.55. "It is therefore considered by the court, that the plaintiff recover of the *defendants* the sum of $71.55, for the damages so assessed, and also the costs in this behalf expended; for which let execution issue."

The appeal is sued out by Forney Renfro, Joseph Andrews, and Renfro & Andrews, and errors are assigned by

each. The errors assigned by Renfro are, the overruling of the demurrer to the complaint, and the judgment rendered. The error assigned by Andrews is, "the rendition of final judgment against him, when he never appeared, and was not served with process." Renfro & Andrews assign as error "the rendition of judgment against said partnership when it was not sued."

JOHN M. CHILTON, for appellants.

H. C. LINDSEY, *contra*.

STONE, J.—The present record is confused in its statements. The complaint is against Forney Renfro alone. The summons is against Forney Renfro and Joseph Andrews, styling them partners using the firm name of Renfro & Andrews. The sheriff returned the process executed "by leaving a copy of the within summons and complaint with Forney Renfro and Renfro & Andrews, defendants." Renfro alone pleaded. The judgment-entry in the margin states the case, "*Mary S. Willis v. Renfro & Andrews*," and recites that the parties came by their attorneys, and renders judgment on verdict against the *defendants*. We feel bound to hold that Renfro alone was sued, for he alone is mentioned in the complaint. Rendering judgment against the defendants, in the plural, was a clerical misprision in the court below, which would have been corrected on motion in that court. It furnishes no ground for reversal, as the judgment, in legal effect, is, and can only be, against the party sued. Execution can go only against Renfro.—*Grayham v. Roberds*, 7 Ala. 719; *Del Barvo v. Br. Bank*, 12 Ala. 238; *Savage v. Walshe*, 26 Ala. 619.

There are two reasons why we can not consider the demurrer. First, it was interposed after a plea to the merits had been filed; and second, it is no where shown that the Circuit Court ruled on the demurrer.—*Gayle v. Smith*, Min. 83; *Bean v. Chapman*, 62 Ala. 55.

Affirmed.