Lacey, J. At the February term of the Circuit Court of Kane county, 1884, the motion by appellee theretofore made to quash the execution, issued on the decree in favor of appellant against him and J. Wesley Morris, who was living at the time of its rendition, but deceased before the issuing of the execution and fee bill came up to be heard. It appears that at the time of such issuing Edgar and Eebecca Morris had been for more than two years executrix and executor of deceased’s estate; that the said J. W. Morris, at his death, was the owner of 280 acres of real estate; that the judgment had not been revived by scire facias against said executors, or the heirs of deceased, as required by the statute, and that the attorney of appellant was endeavoring to enforce the collection of the judgment against the property of the appellee. The execution was in due form against the goods and chattels of said appellee and said Morris. The decree was for $8.45, indorsed plaintiff’s costs, and $36.36, indorsed defendant’s costs, and was rendered jointly against appellant and Morris. The grounds of the motion by appellee were that the execution aud fee bill issued more than two years after the death of Morris without reviving the judgment against his heirs and executors by scire facias, or otherwise. On the 16th of August, 1883, the real estate of appellee was levied on by the sheriff, and sold by ,the sheriff on the 15th of ¡November, 1883, and certificate of purchase issued to appellant who was the purchaser. It was admitted that the decree was in full force at the time the execution and fee bill were issued, and that the latter were in due form, and that Morris at the date of issue was deceased. The court thereupon set aside the levy and quashed the said execution and fee bill, to which the appellant accepted. It is conceded by appellant’s counsel that the execution, as against the heirs and estate of Morris,was void, and it could not be otherwise, for the decree was never revived, nor any notice under the statute given to the executors of the estate of Morris of the existence of the j udgment. But the lands of Morris were not levied on, and the heirs of Morris have no interest in this proceeding, and, in fact, are not complaining. Appellee alone makes this motion. The point is made that the execution, as to him, is good, and that he can not complain that the decree was not revived against the Morris heirs, or notice given to his executors. At common law no writ of elegit, which was given under statute of 13 Ed. 1, and by virtue of which the sheriff seized and delivered a moiety of the lands of each of the defendants, until the debt was recovered out of the rents and profits, could issue against the survivor. It was impracticable, because the entire debt could not be made out of the real estate of one of two or more joint defendants. In such case the judgment was joint only as to real estate. But at common law an execution could issue against the survivor or survivors of two or more defendants in the same judgment against the personal property of such survivor, for in case of personal property the entire amount of the judgment could be made out of personalty of any one of the defendants; as to the personal property the judgment was several as well as joint. This was the reason of the rule at common law that execution could not issue against the real estate of the survivor, and it would be a proper rule to apply in all jurisdictions where the common law doctrine prevailed. ■But in this State, according to our statute, the entire amount of the judgment may be made out of the lands and tenements of one of the defendants joined with others in the same execution and issued on a judgment against all. In this State, under our statute, there is no distinction in the power to take real estate and personal property. The judgment is virtually joint and several against all and each cf the defendants, as to all classes of property. "We are not aware that this exact question has ever been decided by the Supreme Court in this State, but we find a well considered case decided by the Supreme Court of Alabama where the same question arose, in which it was held that the execution was valid against the survivor without revival against his co-defendant (Martin v. Branch Bank of Decatur, 15 Ala. 592), and we fully approve of the reasoning in that case. In this State the reason of the rule as at common law against the issuing of an execution against the real estate of the survivor without revival, having failed, the rule itself must be abandoned, and by analogy to the rule at common law allowing an execution to issue against the personal estate of the survivor, the same should be allowed against the real as well as the personal estate of such survivor under our statute. See also Freeman on Executions, § 36. The cases of Woodward v. Bennett, 1 Cowan, 712, and Eranus Lessees v. Dundas, 4 Haw. 78, appear too in contradiction to Martin v. Branch Bank, supra; but in the former case the judgment upon which the execution was issued and the lands sold had been rendered against two defendants, one of whom was living at the time; but the lands sold belonged to the estate of the deceased. It will therefore be seen that according to the view we here express, the decision was proper, and the expressions in the opinion of the court, making the rule more general and applicable to a case like the one before us, should be regarded as dictum. Besides the cause was .brought by writ of error to that court from the Circuit Court for the Southern District of Alabama. Judge Nelson bases his conclusions and expressions on the case of Abercrombie v. Hall, 6 Ala. 657. But the Supreme Court of Alabama in the Martin-Branch Bank Case 15 Ala. 594, disapproves of the decision in Eran us Lessees v. Dundas, and states that the question had never before been made in the Supreme Court of Alabama. The cases of Brown v. Parker, 15 Ill. 307, Pickett v. Hartsock, 15 Ill. 279, and Finch v. Martin, 19 Ill. 111, do not seem to be in point; as in those cases the execution issued on j udgments where the sole defendant was deceased, and such wi ll be found to be the ease with nearly all the authorities cited by appellee’s counsel; and as to the few cases which hold otherwise it will be seen they are based generally on a mistaken notion of what had been decided in other cases. The fact that the execution contained the name of Morris, could not render it void as to appellee. That could only have] the effect to preserve the identity of the judgment and show upon what it was issued. Freeman, in his work on Executions, Sec. 36, says: “ In order that the execution may conform to the judgment it issues against all the defendants, although for all practical purposes it amounts to no more than an execution against the survivors.” It could certainly do the appellee no harm that the name of Morris was contained in the execution. We are therefore of the opinion that the circuit, court erred in sustaining the motion, The judgment is therefore reversed and the cause remanded, ^Reversed and remande!.