We therefore find for the plaintiff, and decree may be had accordingly.

*Joseph Wilby* and *H. L. Gordon*, for plaintiff.

*Ellis G. Kinkead, Challen B. Ellis* and *H. K. Rogers*, for defendant.                                                    o

---

## MARSHALLING OF LIENS AND DISTRIBUTION.

[Circuit Court of Cuyahoga County.]

THE DIEBOLDT BREWING CO. v. WALENTZ GRABSKI ET AL.

Decided, June 26, 1905.

*Judgment Lien—Execution Against Surviving Debtor—Subrogation—Purchase of an Equity of Redemption—Distinguished from Purchase of Land in Fee.*

1. Where judgment is rendered against two, and one dies, execution thereafter issued against both is valid against the survivor, and keeps alive the judgment lien upon the survivor's lands.

2. A grantee of land subject to a mortgage, who agrees with the grantor to pay said mortgage as part of the purchase price, after payment of the mortgage is not entitled to be subrogated to the rights of the mortgagee as against the lien-holders.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Heard on appeal.

This case was brought to foreclose a mortgage, was heard on appeal and the sole question for the consideration of the court is the determination and marshalling of liens as between the defendants, Loew & Sons and Walentz and Maryanna Grabski,

From the evidence it appears that on November 20, 1897, Loew & Sons recovered a joint judgment in the Common Pleas Court of Cuyahoga County against Maciej Stasiak and Katarzyna Stasiak, his wife, in the sum of $444.80; at that date

the husband was the owner of the premises in question; no execution was issued on said judgment until June 9, 1899, when execution was issued against both said defendants and levied on said lands. At the date of said execution Mrs. Stasiak was dead, although the fact was unknown to the judgment creditor, and the first proposition is, that such fact vitiates said execution and leaves the judgment without valid execution for five years, whereby said judgment has become dormant and ceased to be a lien upon said lands.

The authorities seem to rule against this proposition.

"Where a judgment is rendered against two, and one dies before the issuance of the execution, the writ for the sake of conformity should be issued against both the deceased defendant and the survivor, although in law it is an execution against the survivor only, and his goods alone can be levied on." 8 Enc. of Pl. & Pr., 422; Freeman on Execution, 936; *Martin* v. *Branch Bank,* 50 Am. Dec., 147; 15 Ala., 587; *Wade* v. *Watt,* 41 Miss., 248; *Harden* v. *McCame,* 53 Mo., 255; *Reed* v. *Garfield,* 15 Ill. Apps., 290.

The next proposition involves a consideration of the law of subrogation, under the following facts:

On October 26, 1898, the premises in question were subject to a mortgage for $600 to the Union Building & Loan Company, and on said day Mr. and Mrs. Stasiak united in a quit-claim deed of said premises to their nephew, Grabski and his wife, in which a consideration of $1,200 was recited as received by the grantors from the grantees, but no money actually passed between the parties. The evidence shows that the property was then worth $1,200.

The following language occurs in the deed:

"The conditions of this deed are such that the said grantees hereby agree to give the said grantors a lease on the above described premises to live there during their natural life, and furthermore the said grantees hereby agree to furnish the grantors with the necessary food and clothing during their natural life if necessary, and it is agreed by said grantors and said grantees that all assessments and taxes that now and after shall be due or become due shall be paid by said grantees, and if the said grantees shall not perform the above agreement the said deed shall be void."

Grabski also testified that he agreed with his uncle at the time he delivered the deed, that he would pay the mortgage to the Union Building & Loan Company, and also informed said company that he had so agreed.

Mrs. Stasiak lived in the premises until she died on February 4, 1899; then the Grabskis moved into the place and Mr. Stasiak continued to live there with them until he died, on October 4, 1900.

Grabski says he didn't furnish Mrs. Stasiak with any food or clothing, and she didn't need or ask for any; he furnished part of his uncle's food, until he died, and paid his funeral expenses. He also paid the taxes and assessments, and some time after the death of Mr. Stasiak and before the bringing of this suit, Grabski paid the mortgage referred to. By reason of such payment he claims to be subrogated to all rights under said mortgage and to have a lien on the premises prior to the judgment.

We think the facts in this case show that Grabski agreed with his grantor that he would pay said mortgage as part of the purchase money. If we are right in this conclusion, the transaction was not a purchase of the equity of redemption, subject to the mortgage, but of the land in fee, and the mortgage debt became Grabski's debt. If it was his own debt and he paid it, the doctrine of subrogation has no application to the case.

The following Ohio cases fully elucidate the law applicable to such situations: *Thompson, Admr.,* v. *Thompson,* 4 O. S., 333; *Brewer* v. *Maurer,* 38 O. S., 543; *Emmitt* v. *Brophy,* 42 O. S., 82.

We are therefore of the opinion that the case of *Joyce* v. *Dauntz,* 55 O. S., 538, cited by counsel for Grabski, is not in point. That case holds that "subrogation arises by operation of law, whenever a mortgage debt is extinguished by one entitled to redeem, other than the mortgagee or person ultimately liable for the mortgage debt."

We think Grabski by his promise to pay the mortgage became ultimately liable therefor and the view we take of the facts of the case renders any further consideration of authorities cited by counsel unnecessary.

Decree may be drawn finding the Loew & Sons' judgment a lien upon the property and marshalling the liens in their order, as agreed by counsel, with no relief awarded Grabski under said mortgage which he has paid.

*John M. Pindras*, for plaintiff in error.

*Herrick & Hopkins* and *H. DuLaurence*, for defendant in error.