# Dudley *v.* Witter.

*Bill in Equity by Cestui que Trust, against Purchaser from Trustee, for Recovery of Land, and Account of Rents and Profits.*

1. *Conditional continuance.* — In a chancery cause, an order granting a continuance to the defendant, on condition that he execute a bond, with sureties, for the payment of whatever decree may be finally rendered against him in the suit, is not in excess of the discretionary power of the court in the imposition of terms.

2. *Insolvent estate; certifying decree or judgment to probate court.* — When a decree in chancery is rendered against the administrator of an estate which has been declared insolvent, it is the right of the plaintiff in the decree to have it certified to the probate court (Rev. Code, § 2209), since he can have no execution on it; and the administrator, not being injured by the failure or refusal of the court to certify it, if he is protected by the decree from an execution, cannot complain on error of such failure or refusal.

3. *Coverture of one of several co-obligors in penal bond.* — When a penal bond is executed by several obligors, pursuant to an interlocutory order in a chancery cause, and containing a stipulation that, on the happening of the specified contingency, judgment may be rendered against any one or more of them, the coverture of one of the obligors at the time is a personal defence, and not available to the others, especially when it was known to them at the time they signed the bond.

4. *Summary judgment against sureties on penal bond, under interlocutory chancery decree.* — When a penal bond, with sureties, is executed by the defendant in a chancery suit, pursuant to the terms of an order granting him a continuance, conditioned that, on the rendition of a decree in favor of the complainant, the court "may render its decree against any or all of" the sureties, for the amount of the decree against their principal, "and award execution against any or all" of them, so soon as an execution against their principal, or against his personal representative, is returned unsatisfied; the court may render judgment against the sureties, without notice to them, and, if the estate of their deceased principal has been declared insolvent, without the return of an execution against him unsatisfied.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. ADAM C. FELDER.

This case has been before this court at two former terms.

VOL. LI.

[Dudley v. Witter.]

It may be found reported in 42 Ala. 616–27, and 46 Ala. 664–97. The original bill was filed on the 15th September, 1860, by Mrs. Mary D. Witter, by her next friend, against John Dudley. Its object was to recover a tract of land, which had belonged to the estate of Francis Lewis, who was the complainant's father; and it also sought an account of the rents and profits of the land while in the possession of the defendant. The complainant claimed the land under a decree of the chancery court of said county, by which said land, with other property, was set apart and allotted to her, as her distributive share of her father's estate, and the legal title thereto vested in her brother, Hamlin F. Lewis, for her sole and separate use. The defendant, Dudley, went into the possession of the land in October, 1851, under a deed with covenants of warranty from said Hamlin F. Lewis and one Robert L. Scott. The facts connected with the titles of the respective parties, which are stated in the former reports of the case, need not be here repeated.

At the October term, 1868, the following order was entered in the cause : " The complainant having announced herself ready for trial, the defendant Dudley applied for a continuance, and for leave to examine the complainant and Mrs. Susan Lewis, the widow of D. H. Lewis, and Mrs. Mary M. Scott, the wife of James E. Scott, as witnesses for said Dudley in said cause, on the point that the complainant had ratified the sale of the lands in controversy by H. F. Lewis to said Dudley, or had received the purchase-money from said Lewis. This application is granted by the court, on the following conditions : 1. That said Dudley, within ten days from the adjournment of the present term of the court, shall file with the register of this court a bond in the penal sum of thirty thousand dollars, payable to complainant, executed by said Dudley, with good and sufficient securities, to be approved by the register of this court, conditioned to pay and satisfy any decree rendered, or recovery had, by the complainant or her personal representatives, in this cause ; and said bond must contain on its face an express provision, that this court may render its decree in this cause against any or all of the obligors therein, for the amount or amounts for which a decree may be rendered against said Dudley or his personal representatives, and award execution against any or all of the securities on said bond, as soon as an execution is returned ' No property,' or unsatisfied, against said Dudley or his personal representatives. 2. That the said John Dudley shall, within the said ten days, pay to the register fifty dollars of the costs in this cause. 3. That if said John Dudley shall fail to execute and file such bond with the register within said ten days, or shall fail to pay said fifty

[Dudley *v.* Witter.]

dollars of the costs within said ten days, then the aforesaid continuance of this cause, and the aforesaid grant of said application of said Dudley for leave to examine said witnesses, is revoked and annulled, and this cause is then forthwith to be submitted to the chancellor, with all the pleadings and proofs, and the agreements used and produced in the cause on the former trial at the last term ; and the chancellor shall, in vacation, proceed to make all orders and decrees in this cause, which he could lawfully make in term time ; and all such orders and decrees shall have the like effect as if made in term time, including references, confirmation of register's reports, appointment of trustees, award of writ of possession, &c.   4. If said costs are paid, and said bond executed and filed within said ten days, then the examination of said witnesses may be had, but must be obtained upon the usual interrogatories and notice, and subject to all legal objections and exceptions by or on behalf of complainant; and said Dudley is to come to trial at the next term of this court, and to make no further application for continuance or delay.   And the said Dudley accepts the said terms and conditions herein above set forth."

Pursuant to the terms of this order, the defendant paid the $50 costs, and, on the 17th October, 1868, in vacation, executed his bond in the penal sum of $30,000, with W. C. Kirkland, J. R. Dudley, B. H. Dudley, and Mrs. S. H. Reese, as his sureties ; which was approved by the register on the same day, and conditioned as follows : " The condition of the above obligation is such, that whereas the said John Dudley, who is known as John Dudley, senior, is a defendant to a suit pending in the chancery court of said county of Lowndes, in favor of the said Mary D. Witter, by her next friend, against the said John Dudley and others; and whereas, at the October term, 1868, of said chancery court, the said John Dudley applied to said court for a continuance of said suit, and also for leave to examine certain witnesses, named in the minutes of said court at said term ; which application was granted by said court, on certain terms and conditions, shown in the entry on the minutes of said court at said term, which entry is here referred to as a part hereof ; and whereas the execution of such a bond as this is part and parcel of said terms and conditions : Now, if the said John Dudley, senior, shall pay and satisfy any decree rendered, or recovery had in said suit, by the complainant or her personal representatives, then this obligation shall become inoperative, and of no effect; otherwise, to be and remain of full force and effect.   And we hereby consent and agree, that the said chancery court may render its decree in said suit against any or all of us, for the amount or amounts for which a decree may be rendered against the said John

Dudley or his personal representative, and award execution against any or all of us who are his securities on this bond, as soon as an execution is returned 'No property,' or unsatisfied, against the said John Dudley or his personal representative."

At the April term, 1871, the death of the defendant Dudley was suggested, and his heirs were brought in by *scire facias* as defendants ; and there was also an order of revivor against his personal representative, when known.  At the October term, 1871, Milton R. Dudley, as the administrator of said John Dudley, appeared, and was made a party defendant.  The estate of the said John Dudley was reported and declared insolvent, by the probate court of said county, on the 13th November, 1871 ; and this action of the probate court was afterwards suggested to the said chancery court by the administrator, by a plea, which the court refused to receive.  At the April term, 1872, on hearing on pleadings and proof, the chancellor rendered a decree in favor of the complainant, and ordered a reference to the register of the matters of account.  In May, 1872, the administrator of John Dudley filed a petition in the nature of a cross-bill, alleging the insolvency of the estate as declared by the probate court, and praying that it might be so declared and settled ; and decrees *pro confesso* on this cross-bill were taken against all the defendants thereto, except the complainant in the original bill, who filed a demurrer to it.  At the October term, 1872, the register having reported the amount due for rents and profits, as agreed on by the parties, at $10,000, his report was confirmed, and the cause was submitted for final decree on pleadings and proof; and the cross suit was also submitted, under an agreement that, if the demurrer to it should be overruled, its averments of facts should be taken as true.  The chancellor thereupon rendered the following decree, after reciting the facts : " It is therefore ordered, adjudged, and decreed by the court, that the complainant recover of the said Milton R. Dudley, as the administrator of the estate of the said John Dudley, deceased, and of the obligors on said bond — that is to say, W. C. Kirkland, S. H. Reese, J. R. Dudley, and B. H. Dudley — the said sum of ten thousand dollars, reported to be due to the complainant, for the rents and profits of the said lands, by the said report of the register, with interest on said sum from the 30th day of September, 1872, and the costs of this suit, to be taxed by the register.  It is further ordered, adjudged, and decreed, that the register of this court issue the writ of *fieri facias* against the said Milton R. Dudley, as the administrator of said John Dudley, deceased, commanding the officer into whose hands said writ may be placed to make the said sum of ten thousand dollars, with interest and costs of suit, of the goods and chat-

tels of the said John Dudley, deceased, unadministered in the hands of his said administrator; and that, if said writ is returned unsatisfied, the register must thereupon, forthwith, issue the writ of *fieri facias* against all of the obligors on said bond, for the said sum of ten thousand dollars, with interest and costs of suit; indorsing, however, on said *fieri facias*, any payments or collections made on the writ against the said administrator. It is further ordered, adjudged, and decreed, that neither said *fieri facias* against said administrator, nor any return thereon, shall preclude said administrator as such, or his official sureties as such, in any other cause except the present, from claiming and enjoying the same benefit from the insolvency of the estate of the said John Dudley, that they could have claimed and enjoyed if no such execution against said administrator, or return thereof, had ever existed; nor from claiming and enjoying the full benefit of such insolvency in this cause, to every extent and purpose, save only as to the issue and return of said execution as the means for enforcing fully the liability of the obligors on said bond executed on the 17th October, 1868."

From this decree two appeals were taken; one by the administrator of John Dudley's estate, in his own name; and the other, by J. R. Dudley, B. H. Dudley, and W. C. Kirkland, in behalf of themselves and Mrs. S. H. Reese. The errors assigned by the administrator are: "1. The court erred in the decree rendered. 2. The court erred in ordering execution against Milton R. Dudley as administrator. 3. The court erred in not ordering the decree to be certified to the probate court for allowance. 4. The court erred in awarding execution on the decree." The errors assigned by the other appellants are: "1. The court erred in decreeing against the bondsmen. 2. The court erred in rendering a decree against Mrs. S. H. Reese, a married woman, on a bond executed by her during coverture. 3. The court erred in the decree rendered."

STONE & CLOPTON, for appellants. — 1. The chancellor erred in ordering an execution against the administrator of John Dudley's insolvent estate, instead of ordering the decree to be certified to the probate court. The statute is imperative: " An order must be made, to the effect that no execution issue on such judgment, but that the same be certified to the proper probate court." Rev. Code, § 2209. The language of the statute includes " all suits," whether at law or in chancery, and the reason on which it is founded applies equally to suits in either tribunal. The term *suit*, says C. J. Marshall, " is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy which the law affords him." *Weston* v. *City Council of Charleston*, 2 Peters, 449.

[Dudley v. Witter.]

The object of the statute was to secure an equal distribution of the assets among all the creditors, whether their claims were reduced to judgments at law, or decrees in chancery, or were in the form of debts due by bond or simple contract. The execution of the bond in this case could not prevent the operation of this statute, since it could not affect the rights of the other creditors, or of the administrator himself, after the declaration of the insolvency of the estate.

2. The decree against the sureties on the bond is dependent on the decree against their principal, or against his administrator. By the very terms of the bond, the sureties are not bound to pay, until an execution against John Dudley, or against his personal representative, is returned unsatisfied. By the death of the principal, and the insolvency of his estate, the condition has become impossible of performance. But, nevertheless, the sureties have the right to stand on the terms of their contract, as their liability rested on a condition precedent. *Edwards* v. *Lewis*, 18 Ala. 494; *Kirby* v. *Anders*, 26 Ala. 466. Furthermore, whether the contingency had happened, on which an execution could be awarded against the sureties, was a matter of judicial ascertainment, to be decided only by the chancellor; yet the decree refers it to the register to ascertain. *McCartney* v. *Calhoun*, 11 Ala. 110–20.

3. The court necessarily has a discretionary power in the imposition of terms, when granting or refusing a continuance; but this power is not unlimited, and cannot be extended to "the requisition of conditions amounting to an improper and unjust abuse of the discretion." *Dudley* v. *Witter*, 46 Ala. 696. Conditional continuances are not favored by the appellate courts. The conditions required in this case, if enforced as attempted by the decree, could enable the court to violate well-settled principles of law, and to acquire jurisdiction by consent.

4. The sureties were entitled to a day in court, before any decree could be rendered against them. "The common justice of all nations requires, that condemnation should not be pronounced before a party has an opportunity to be heard." 1 Greenl. Ev. § 541; *Lamar* v. *Gunter*, 39 Ala. 334; *Sheldon* v. *Newton*, 3 Ohio St. 499; *Rhode Island* v. *Massachusetts*, 12 Peters, 718; *Boswell's Lessee* v. *Otis*, 9 Howard, 346; *Webster* v. *Reid*, 11 Howard, 437.

5. The bond was executed in vacation, as this court must judicially know. A judgment by confession must be made in term time, and cannot be made in vacation. *Moore* v. *McGuire*, 26 Ala. 461. An agreement or consent, made or given in vacation, that a judgment may be rendered, can certainly have no greater effect than a confession of judgment in vacation.

[Dudley *v.* Witter.]

6. If the decree is allowed to stand, it is conclusive against the sureties, not only as to the validity and amount of the decree against their principal, but also as to all facts necessarily involved, as the execution of the bond, the legal capacity to execute it, &c. *Chamberlain* v. *Gaillard*, 26 Ala. 504 ; *Hutchinson* v. *Dearing*, 20 Ala. 798. The record shows that Mrs. Reese, one of the sureties, was a married woman when she signed the bond ; yet she has had no opportunity to plead her coverture. Fraud, duress, *non est factum*, would have been a good defence against the bond ; yet all these defences are cut off and concluded by the decree.

7. It is a settled rule of law, that a decree must be founded on allegations and proof ; " and a decree or judgment can no more be rendered upon proofs without allegations, than upon allegations without proofs." *Gregory & Huston* v. *Powers' Heirs*, 3 Litt. 339 ; *Lamar* v. *Gunter*, 39 Ala. 324 ; 1 Brickell's Digest, p. 743, § 1540. Here, there was no amended or supplemental bill ; the sureties were not brought in as parties ; and the execution of the bond, with all matters connected with it, is entirely outside of the pleadings. A compromise between the parties to a suit, made out of court, must be brought to the knowledge of the court by proper pleadings and proof, before it can be made the foundation of a decree ; and an agreement, or consent, made by persons who are not parties, that a decree may be rendered against them, cannot stand on any higher ground.

8. The bond is supported by a good consideration, and may be enforced by action at law ; and the remedy at law being plain, clear, and adequate, there can be no jurisdiction in equity, nor can consent confer such jurisdiction. *Comby* v. *McMichael*, 19 Ala. 747 ; *Kimball* v. *Moody*, 27 Ala. 130 ; *Benford* v. *Daniels*, 20 Ala. 445 ; *Harrison* v. *Harrison*, 20 Ala. 644 ; *Lansing* v. *Carpenter*, 23 Barbour, 402.

9. The bond in this case cannot be assimilated to statutory bonds, to which the law gives the force and effect of judgments. Even in the case of such bonds, the statute must be strictly pursued. *Clarke* v. *West*, 5 Ala. 117 ; *Brooks* v. *Harrison*, 2 Ala. 209 ; *Kirby* v. *Anders*, 26 Ala. 466 ; *Whitsett* v. *Womack*, 8 Ala. 466–75 ; *Williamson* v. *Woolf*, 37 Ala. 298 ; *Dunn* v. *Bank of Mobile*, 2 Ala. 152 ; *Jenkins* v. *Gray*, 16 Ala. 100. The decree in this case gives to a bond, executed without any express provision of law, greater force and effect than is allowed to bonds which are executed under express statutory provisions.

RICE, JONES & WILEY, *contra*, cited the former decision in this case (46 Ala. 664–97), as conclusive of the questions now presented.

[Dudley v. Witter.]

B. F. SAFFOLD, J. — At the October term, 1868, of the chancery court, the defendant was granted a continuance of the cause, and leave to examine additional witnesses, on condition that he would execute, with security, a bond to pay to the complainant whatever sum of money should be decreed to her on the final hearing. In pursuance of this order, he gave the bond, stipulating in it that the court should render judgment against any or all of the obligors, whenever an execution against Dudley, or his personal representative, should be returned unsatisfied. After that time, Dudley died, and his administrator was made a party defendant in his place. The administrator filed a cross-bill, alleging that the estate of his intestate was insolvent, and praying that the court would ratify or confirm the decree of the probate court to this effect, and transfer the final settlement of the estate to the chancery court. The cross-bill was demurred to, for want of equity. There was an agreement of counsel, touching the amount for which a decree against the defendants should be rendered, if the demurrer to the cross-bill were sustained. The chancellor sustained the demurrer, decreed the land, the original and main foundation of the suit, to be the property of the complainant, awarded the amount agreed on, as damages for its detention, and ordered a formal issue of execution against the estate of John Dudley, so as to effect a literal compliance with the terms of the bond. This execution was not to be enforced against the laws governing the settlement of insolvent estates ; but its return of no property was to be the support of an execution against the obligors of the bond, which was directed. An appeal is taken by the administrator from the dismissal of his cross-bill, and the refusal of the court to order the decree to be certified to the probate court ; and by all of the defendants, from the general decree.

When this cause was last before this court (Dudley v. Witter, 46 Ala. 664), one of the issues made was the authority of the court to exact the bond as a condition of the continuance. It was then considered material that the defendant rested his objection solely on the power of the court to impose such terms, and alleged no special ground of hardship, or abuse of judicial discretion. None is averred now, and the contingency against which the chancellor evidently intended to protect the rights of the complainant, the insolvency of Dudley, has intervened.

The administrator of Dudley is not injured by the decree, because the liability of his intestate is in no respect increased by the requisition of the bond ; and his own obligation to the probate court is not brought into collision with the decree, by reason of its guarded terms. Under the proof of the insolvency of Dudley's estate, no execution against his representa-

[Dudley *v.* Witter.]

tive was really necessary. The certification of the decree to the probate court was the right of the complainant. The bondsmen have an independent right to file it as a claim against the insolvent estate, when they become entitled to do so.

All of the appellants cannot make the objection that Mrs. Reese is a married woman, and therefore not subject to a judgment against her, as one of the obligors of the bond. Her coverture is her personal defence ; and one of the terms of their contract is, that judgment might be given against any one or more of them. They voluntarily executed the agreement, and show no reason whatever why it should not be enforced. It is supported by a consideration of detriment to the complainant, and may also be sustained by an element of advantage to themselves, as they seem to be the distributees of the defendant Dudley's estate, which is only insolvent on account of this judgment.

It is objected, that judgment and execution were given against the sureties on the continuance bond, without notice to them. Their contract was not absolute, for a sum certain, but an undertaking to the amount of that which should be decreed against their principal. It was approved by the register, and though, perhaps, not taken during the term of the court, it was given in compliance with the order of the court, and in the enjoyment of the benefit for which it was required. The suit was pending, and they agreed to abide its result. There is no difference in principle between their obligation and that by which bail is bound. The judgment against their principal was conclusive against them. *Bent* v. *Baker*, 44 Law Library, 81 ; *Niles* v. *Brackett*, 15 Mass. 378 ; *Atwood* v. *Wright*, 29 Ala. 346, 351.                    The decree is affirmed.

NOTE BY REPORTER. — The appellant's counsel having filed an application for a rehearing, on the points and authorities shown by their brief, *supra*, the following opinion was delivered in response to it : —

SAFFOLD, J. — In the application for rehearing, two general points are presented : 1st, The jurisdiction of the chancery court to render judgment against the obligors on the bond given for the continuance. 2d, The rendition of such judgment without formal notice to the obligors.

The bond, though actually executed in vacation, was so done in compliance with the terms of continuance prescribed by the court. Such execution was but the delay of accommodation to the defendant, and was, in legal contemplation, performed immediately upon the grant of the continuance. The court had juris-

[Dudley *v.* Witter.]

diction to render such judgment as it did against the defendant. He interrupted the progress of the cause, by asking delay, for purposes which he deemed valuable to himself. The court, in granting them, required him to protect the complainant from detriment on account of it. His sureties voluntarily came into court, made themselves parties to the proceeding, and agreed to become subject to whatever judgment was rendered against their principal. Jurisdiction of the subject-matter belonged to the court against the defendant. The sureties waived notice, by making themselves parties. The giving of the bond was an incident of the suit. They do not deny its execution. The judgment against them was rendered in pursuance of their agreement. Of what have they a right to complain ?·

The same question of want of notice has been raised and discussed, again and again, since the institution of writ-of-error bonds, security for costs, and the like. The issue of execution against the defendant, and its return of " no property," stipulated in the bond, was but the means agreed upon for ascertaining his insolvency. This was made known to the court by exhibition of the decree of insolvency of his estate in the probate court. His death was not contemplated when the bond was executed. There was no virtue in the return of the execution " no property." The court must deal with substance, not with form.

The request of the defendant for a continuance ; the order granting it on terms ; the compliance with those terms by making the bond as required, were allegation, answer, and proof. We do not approve of granting continuances on condition of giving security for the debt. It tends to the incurring of speculative liability. The hopes of suitors, who generally would not continue the litigation if they did not believe they had a good case, may induce them to take injurious risks. It is better to grant or decline the continuance upon the showing made. But we cannot say the court has no jurisdiction to impose even such terms ; and if to impose them, then certainly to enforce them. In the present case, the complainant would surely have lost the fruit of her years of litigation, without hope on the part of the defendant at the time of the continuance, if the chancellor had not required him to give this bond. It was properly exacted, as his subsequent insolvency abundantly shows.                                   A rehearing is denied.