# Smith *v.* Alexander.

### *Bill of Interpleader.*

1. *Execution issued after death of plaintiff.*—An execution issued after the death of the plaintiff therein is void, and all proceedings taken under it are void; hence, the plaintiff's attorney, who controlled the execution, and who knew the fact of her death, can not claim compensation for the collection of the money under it.

2. *Money in custody of court entrusted to solicitor on his giving bond therefor; proper mode of compelling payment.*—When money in the custody of the court is allowed to go into the hands of a solicitor, on his giving bond to keep it subject to the order of the court, and to pay it as the court may direct, he may be compelled to pay over the money by the summary process of attachment, of which he should have notice, and an opportunity to show cause against the order. But the court has no power to order a summary execution against the sureties on his bond. *Dudley v. Witter*, 51 Ala. 456, overruled.

APPEAL from Randolph Chancery Court.

Heard before Hon. N. S. GRAHAM.

This was a bill of interpleader exhibited on 26th September, 1873, by William J. Alexander against W. J. Borden and William H. Smith, the case made by the record, so far as essential

[Smith v. Alexander.]

to this report, being substantially as follows: The complainant, as sheriff of the county of Cleburne, received from the register of the Chancery Court of Randolph, twelve several executions in favor of Margaret E. Smith against her former husband, Jeremiah Smith, which were issued on a decree rendered in 1859 divorcing the said Margaret E. and Jeremiah Smith, granting the former an annual allowance of $100.00 as alimony out of his estate. The entire series of executions, embracing the amounts due as such alimony from 1861 to 1872, inclusive, was received by complainant in 1873 and duly levied on the real estate of the defendant therein—the amount collected and remaining in complainant's hands, after deducting expenses of sale, &c., being $1346.50. This fund, as averred in the bill, was claimed by the respondent, W. J. Borden, as the alleged administrator of the estate of the plaintiff in execution (who had moved to Kansas or Texas a number of years before), and exhibited his letters of administration, dated on or about March 3d, 1873. The said Borden claimed the amount as assets of his decedent's estate, and threatened the complainant and the sureties on his official bond with suit in the event of non-compliance with his demand. A counter claim was asserted by the respondent, W. H. Smith, who insisted that the said Margaret E. was not dead, and that he, as her attorney of record, was entitled to receive and control the fund. The bill prayed the direction of the court as to the disposition of the amount in controversy, and that the defendants be required to interplead and determine between themselves their respective claims thereto. The answers filed by the respondents were in substantial accord with the allegations of complainant's bill. The chancellor caused an order to be entered directing the payment of the money into court and discharging the complainant from all liability in the premises; and further ordered, that the fund be paid over to the said Wm. H. Smith, upon his entering into bond in a sufficient sum "conditioned to have the said money (less the amount which may be allowed him as counsel fees)" subject to the further order of the court. A reference was ordered to the register to ascertain, among other things, the date of the alleged death of said Margaret E. Smith, and a proper allowance of counsel fees.

The remaining facts are sufficiently indicated in the opinion.

SMITH & LOWE, for appellant.

SOMERVILLE, J.—The first assignment of error is based on the chancellor's confirmation of that portion of the register's report having reference to the amount of counsel fees allowed appellant, Smith, as solicitor in the cause. This allowance does

[Smith v. Alexander.]

not appear, in our opinion, to be unreasonably small, according to our understanding of the testimony. It is shown that Mrs. Margaret E. Smith was deceased at the time of the issue of the execution in her favor, and of the collection of the money by the sheriff, and this fact was known to the appellant, who, as attorney in the cause, was controlling the execution. The execution was, therefore, void, as were all proceedings taken under it.—*Stewart v. Nuckols*, 15 Ala. 225; Freeman on Executions, § 35. For the collection of this money the attorney was not entitled to charge any fee.

The funds thus realized, having been in the custody of the Chancery Court, and allowed to go into the hands of appellant Smith, as a solicitor and *quasi* officer of the court, were held by him in a trust capacity. His undertaking was to keep the money subject to the order of the court, and to pay it as the court might direct. The trust and confidence thus reposed in, and assumed by him, rendered him subject to the summary jurisdiction of the court. The chancellor could, therefore, according to an elementary principle of equity, compel him to pay over the fund, according to his directions, by the summary process of attachment. In all such cases, however, there should be notice, and an opportunity to show cause should be afforded the delinquent party.—*Pinkard v. Allen*, 75 Ala. 73.

The Chancery Court, however, had no jurisdiction to order an execution against the sureties on Smith's bond, especially without giving them notice. They had no custody of the money, and their's was no trust relationship. Their obligation was purely legal, the condition of the bond being that their principal should keep the fund subject to the order of the court. Upon such a bond as this the chancellor had no power to render a judgment. The sureties were entitled to their day in a court of competent jurisdiction, where they could be heard in presenting their defense, if any they had. The chancellor should have ordered the register to sue on the bond in a court of law in order to charge the sureties, as is the practice in the case of a receiver's bond, from which the present obligation can not be distinguished in its essential features.

The case of *Dudley v. Witter*, 51 Ala. 456, is opposed to this view, and to this extent is overruled as unsupported by either principle or precedent.

The decree of the chancellor is reversed and the cause remanded.