# LINARES
## *v.*
# BIANCHI.

San Juan, Equity, No. 989.

APPLICATION FOR CONTINUANCE.

Continuance—Illness of Attorney.
> 1. A case in court is made up of both parties and attorneys. On account of the importance of the attorney, a continuance will be granted in case of his illness or disability.

Continuance—Terms.
> 2. Continuance will be granted upon such terms as the justice of the case requires, even bond for payment of the possible judgment. Solvency of the parties cannot be taken much into account. Terms of bond given in Dudley v. Witter, 51 Ala. 456, adopted.

Opinion filed August 17, 1917.

*Mr. Jorge Dominguez* for plaintiff.

*Mr. José de Diego, C. Coll y Cuchi,* and *Rodriguez Serra* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. This suit was brought in March, 1917, and after it got at issue the parties took depositions in New York with a view of an early hearing. The sworn application of José de Diego shows that he is and has been the principal attorney for the defendant, and that others appeared during his recent serious illness, and that he now desires and it is the desire of the defendant that he shall manage the case; that on account of serious illness lately, and the fact that the legislature of Porto Rico, of which he is, speaker, is now in session, and the fact that the depositions are being translated, he will be unable to appear to-morrow and conduct the case. The plaintiff announced that he will be ready, and opposes a continuance.

It seems that the court will allow a continuance on account of the illness of an attorney. This has been decided even in the Supreme Court of the United States.

The reason is obvious. Either side of a case is really made up of the technical party and of the active attorney. Neither can act without the other; and so far as the trial is concerned, if there is any difference, the presence of the attorney is even more essential than that of the party. It would seem that the application shows a proper ground of continuance, the more so as the case was brought at this term of court.

Linares v. Bianchi.

2. It is equally incontestable that the court may impose as a condition for continuance security for the payment of the judgment which the plaintiff expects to recover. 4 Enc. Pl. & Pr. 889; Dudley v. Witter, 51 Ala. 456. The general rule is that the court may in such cases require such terms of the applicant as the justice of the case requires. Humes v. O'Bryan, 74 Ala. 64. This course is the more proper, in that the new equity rule No. 57 forbids continuance except upon good cause shown by affidavit and upon proper terms.

It would not be unreasonable, therefore, to require, under the circumstances of this case, that the plaintiff, in order to secure a continuance, shall give such a bond. The amount is not quite so clear. The plaintiff has secured what amounts to an attachment by preventive annotation upon the registrar's books, but this lien upon the property may be subject to the mortgage given for the purchase money. The defendant is apparently amply solvent, but that cannot be taken greatly into account; otherwise there would be no need of a bond at all. It would seem that a bond for $100,000, which is half the claim, would be fair under all the circumstances of the case, and it will be ordered. The terms of the bond should follow substantially the terms of the bond given in Dudley v. Witter, supra; that is to say, must be for the payment of the judgment, if any be recovered, and must be in such shape that execution may issue thereon after return of no property found.

It is so ordered.